## TYER v. HINES, Ad'm'r of Veterans' Affairs.

### No. 7612.

United States Court of Appeals for the District of Columbia.

Decided Jan. 27, 1941.

Warren E. Miller, of Washington, D. C., for appellant.

Edward M. Curran, U. S. Atty., Albert Goldstein and Bernard J. Long, Asst. U. S. Attys., and John M. George of the Veterans' Administration, all of Washington, D. C., for appellee.

Before STEPHENS, VINSON and ED-GERTON, Associate Justices.

VINSON, Associate Justice.

This is an appeal from the action of the District Court dismissing plaintiff's prayer for a writ of mandamus that would compel Frank T. Hines, Administrator of Veterans' Affairs, to make payments under an alleged policy of War Risk yearly renewable term insurance. Section 19 of the World War Veterans' Act 1924, as amended, 38 U.S.C.A. § 445, provides the exclusive judicial remedy for such a claim. The fact that suit under this section, as plaintiff states, was barred by its own statute of limitations, does not make the remedy any less exclusive.

The plaintiff urges that the cases of United States ex rel. Lyons v. Hines, 70 App.D.C. 36, 103 F.2d 737, 122 A.L.R. 674, and Hines v. United States ex rel. Marsh, 70 App.D.C. 206, 105 F.2d 85, support the use of mandamus in the instant proceeding. The present case, however, comes within the doctrine of Morgan v. Hines, 72 App.D.C. 331, 113 F.2d 849 (see particularly footnote 8). That case distinguishes the Lyons case, a distinction equally pertinent now. Likewise, the facts, reasoning, and conclusion in the Marsh case do not assist the present plaintiff. In the Marsh case the petitioner through a section 19 proceeding had already reduced her insurance claim to a court judgment. The payment of the judgment was all that remained to be done. The Administrator endeavored to reduce this obligation of the United States by a non-judgment claim. Thereupon Marsh sought a writ of mandamus. We granted the writ to compel the performance of a ministerial act—the payment of the judgment.

Affirmed.