Jeannette Wachter FETTER,
Plaintiff,

v.

VETERANS ADMINISTRATION and "F" McCullough, full first name unknown to plaintiff, as First Sergeant, Company C-398, Infantry, Ft. Bragg, and the United States of America, Defendants.

United States District Court
S. D. New York.
Dec. 7, 1956.

Sheila Wachter, New York City, for plaintiff.

John P. Boland, New York City, for defendant Francis McCullough.

Paul W. Williams, U. S. Atty., for Southern Dist. of New York, New York City, for the United States and Veterans Administration.

SUGARMAN, District Judge.

Plaintiff, Jeannette Wachter Fetter sues the Veterans Administration and "F" McCullough and the United States of America in an action on a policy of National Service Life Insurance on the life of her late brother, Henry Wachter, who lost his life in action in 1944.

In the first claim against all defendants the plaintiff alleges that her late brother did everything he could to increase his insurance coverage from $3,000 to $10,000 and she seeks reformation of the contract from $3,000 to $10,000 coverage.

In the second claim against defendant McCullough the plaintiff claims that he, as the military officer in charge of proc-

essing her brother's request for an increase in National Service Life Insurance coverage, was careless and negligent and failed to effectuate the increase to plaintiff's damage in the amount of $7,000.

In the third claim against defendant United States of America the plaintiff substantially repeats the first two claims and demands judgment against the United States for $7,000.

The defendants Veterans Administration and United States move "for an order pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, dismissing the complaint as to the defendants Veterans Administration and the United States of America, on the ground (1) that the Court lacks jurisdiction to entertain this action in that the action was not commenced within the time specified by Title 38 U.S.C. Section 445; (2) that the Court lacks jurisdiction over the defendant Veterans Administration in that the Veterans Administration is not a suable entity; and (3) that the complaint fails to state a claim upon which relief can be granted."

The defendant "F" (Francis) McCullough moves "for an order dismissing the action as to the said defendant Francis McCullough, named herein as "F" McCullough, pursuant to Rule 12 of the Federal Rules of Civil Procedure upon the grounds (1) that this Court lacks jurisdiction of the action alleged against said defendant and (2) the complaint fails to state a claim against said defendant upon which relief can be granted and for such other and further relief as to the Court may seem just and proper in the premises."

The motion of the defendant McCullough to dismiss the complaint is granted on the ground of lack of jurisdiction of the subject matter.[1]

Diversity of citizenship between plaintiff and defendant McCullough is not alleged and said defendant's affidavit averring New York residence of both plain-

1. F.R.Civ.P. 12(b), (1), 28 U.S.C.A.

tiff and said defendant remains uncontradicted. In the absence of any assertion to the contrary, the plaintiff having sued the other defendants in this court, will be presumed to reside in this district.[2]

Nor does the complaint allege "Federal question" jurisdiction against defendant McCullough even though it recites that "[p]laintiff's claim against the Veterans Administration arises under Title 38, United States Code, Chapter 10, Section 445 thereof, * * *". Under that section the only defendants other than the United States who may be brought in are "[a]ll persons having or claiming to have an interest in such insurance * * *." Obviously defendant McCullough is not within this class.

It is unnecessary to determine whether the complaint states a claim upon which relief can be granted.

The motion to dismiss the first claim against the Veterans Administration is granted because the court lacks jurisdiction of the person of that defendant.[3]

The motion to dismiss the third claim against the United States is denied. This "count", liberally construed, states a claim.[4]

Whether the claim is time barred depends on when the Administrator of Veterans Affairs or someone acting in his behalf sent plaintiff a notice of denial[5] of her claim allegedly filed in 1945. Until such notice was sent the time limitation was suspended.[6] The papers submitted do not show when, or if, such notice was sent in the required manner. Resolution of this issue must await the trial.

It is so ordered.

---

2. 38 U.S.C.A. § 445.

3. F.R.Civ.P. 12(b) (2); Declet v. Veterans Administration, D.C.P.R., 129 F. Supp. 566; Mitchell v. U. S., D.C.N.J., 111 F.Supp. 104.

4. See Skovgaard v. U. S., 92 U.S.App.D.C. 70, 202 F.2d 363, dissent of Miller, C. J.

5. Cf. 6 C.J.S., Army and Navy, § 92, p. 537.

