Benjamin N. LUFKIN

v.

UNITED STATES of America and Sumner G. Whittier, Administrator of Veterans' Affairs.

Civ. A. No. 1872.

United States District Court
D. New Hampshire.

July 10, 1958.

452

Sheehan, Phinney, Bass, Green & Bergevin, Kimon S. Zachos, Manchester, N. H., for plaintiff.

Maurice P. Bois, U. S. Atty., Concord, N. H., for defendant.

CONNOR, District Judge.

█ Plaintiff, a resident of New Hampshire, brings an action under the War Risk Insurance Act of 1917, 40 Stat. 409, and the World War Veterans' Act of 1924, 43 Stat. 607, as amended, 38 U.S.C.A. § 445.

The plaintiff alleges that he was issued a War Risk Insurance policy, which was renewed effective August 1, 1947, with monthly premiums of $21.70. He further alleges that a disagreement exists between the plaintiff and the Veterans' Administration as to whether or not such policy was properly declared to have lapsed effective February 1, 1951. In addition, plaintiff alleges that he "made a proper notice of his claim that such policy should not have been declared

lapsed and has asserted a claim to a right to reinstate this contract of insurance by filing several applications for reinstatement." These claims were denied by final administrative action by the Board of Veterans' Appeals on August 5, 1954.

The defendant, United States of America, moves to dismiss the complaint on the grounds of (1) failure to state a claim upon which relief can be granted, (2) lack of jurisdiction and (3) improper venue because the Administrator of Veterans' Affairs may not be sued in his official capacity in any district other than the District of Columbia. The United States, in its brief, in addition argues that the petition improperly asks for coercive relief against a governmental agency.

In support of its motion to dismiss for lack of jurisdiction, the government relies heavily on the case of Meadows v. United States, 1930, 281 U.S. 271, 50 S.Ct. 279, 74 L.Ed. 852, and the cases which cite it. In this case, the plaintiff brought an action against the United States in a federal district court to require reinstatement of a lapsed insurance policy. The policy was allowed to lapse for about three years. The petitioner sought reinstatement under what is now Title 38, section 515, asserting that he was suffering from a disability of a degree less than permanent and total. The court held that this was not a suit on a "claim * * * under a contract of insurance," under section 445[1] but was a suit under the reinstatement statute, section 515, and therefore dismissed the action for lack of jurisdiction. The court stated:

[Section 445] has nothing to do with an application for reinstatement of a defunct policy. The right to reinstatement, when it exists flows from the statutory provision

1. 38 U.S.C.A. § 445. In the event of disagreement as to claim, including claim for refund of premiums, under a contract of insurance between the Veterans' Administration and any person or persons claiming thereunder an action on the claim may be brought against the United

States * * * in the district court of the United States in and for the district in which such persons or any of them resides, and jurisdiction is conferred upon such courts to hear and determine all such controversies. * * *

and not from any undertaking expressed in the contract of insurance. * * * 281 U.S. at page 274, 50 S.Ct. at page 280.

The instant case is altogether different. From a reading of the complaint, it is clear that there was a disagreement with the Veterans' Administration from the very beginning as to whether the policy had lapsed or not. Certainly there is nothing to indicate that the petitioner voluntarily and admittedly caused the policy to lapse. Although the petitioner states that he filed several applications for reinstatement, this was merely the procedure used to obtain review of the Administration's decision that the policy had lapsed. It is difficult to find anything in the regulations providing for any other method of obtaining relief. Regulation 38, of the Code of Federal Regulations, has a provision for filing original applications (section 8.0), and a provision for filing for reinstatement (section 8.22), but no specific regulation providing for protest of the Administration's decision that the policy had lapsed. As a matter of fact, in Mitchell v. United States, D.C., 111 F. Supp. 104, in a situation similar to the instant case, the Veterans' Administration advised the plaintiff that the policy had lapsed and then informed him that an application for reinstatement should be made.

This is a "claim * * * under a contract of insurance" within the meaning of section 445, even though the Veterans' Administration disputes the fact that a contract is in existence. Section 445 surely does not mean that only claims which are admitted by the Veterans' Administration can be adjudicated; section 445 has a separate clause for adjudicating admitted claims in the nature of interpleader. Furthermore, section 445c

states that a "disagreement" includes a "denial of a claim for insurance" by the Veterans' Administration. This is convincing evidence that a contract of insurance recognized by the Veterans' Administration is not a prerequisite to the jurisdiction of the district court.

After the Meadows case, there have been numerous cases involving more or less similar factual situations. In the majority of them, the courts held that there was no jurisdiction, although many felt that the plaintiff ought to have some judicial remedy.

One of the few cases which held that there was jurisdiction was Unger v. United States, D.C.Ill.1948, 79 F.Supp. 281. This case is not in point because it involved subchapter I of the National Service Life Insurance Act, chapter 13, 38 U.S.C.A. § 801 et seq., and has no application to a chapter 10 proceeding such as the instant case.[2]

Mitchell v. United States, D.C.N.J. 1952, 111 F.Supp. 104, 106, is cited by the United States to support its contention that jurisdiction does not exist. It is factually similar to the instant case, but is distinguishable. The plaintiff brought suit seeking an adjudication that an insurance policy under the National Service Life Insurance Act was valid, but he admitted failure to pay a monthly premium because of illness. An application for reinstatement, on the advice of the Veterans' Administration, had been filed and the court considered it to be a petition for reinstatement within the meaning of the Meadows case, and not a "disagreement" under section 445. The court made the statement that:

"Neither has this court jurisdiction to entertain the action against the United States because [section 445], the only statute which ex-

---

**2.** The court stated that section 10 of the Administrative Procedure Act, 5 U.S. C.A. § 1009, broadened the scope of judicial review in the case before it. This interpretation appears to be erroneous. That section applies only "except so far as * * * statutes preclude judicial review." Section 11a–2 of Title 38 ex-

pressly forbids judicial review of any Veterans' Administration decision, except as provided in section 445 and 817. Section 10 of the Administrative Procedure Act, then, cannot possibly be considered to enlarge the scope of review under section 445.

pressly vests United States District Courts with jurisdiction over suits against the United States * * * is limited to suits for recovery of monetary benefits upon policies which are in force and effect and does not include an action brought for the reinstatement of a policy which has lapsed, such as the case with which we are here confronted."

This statement seems to be an incorrect interpretation of section 445. First, nothing in the section limits jurisdiction to actions for monetary benefits. It expressly allows suit for refund of premiums, which doubtless are not "benefits." Second, section 445c stating that a denial of a claim is a "disagreement" implies that a policy need not be "in force and effect" to sustain jurisdiction.

Ginelli v. United States, D.C.Mass. 1950, 94 F.Supp. 874, is inapposite because there, plaintiff sought to revive a policy which admittedly lapsed shortly after October 1, 1945. Plaintiff sought reinstatement in November, 1947. There was no allegation, as in the instant case, that the plaintiff disagreed with the Veterans' Administration's determination that the policy had lapsed in the first place.

United States v. Fitch, 10 Cir., 1950, 185 F.2d 471, is likewise not in point. There, the plaintiff disputed the Administrator's denial of an application for reinstatement after a two month lapse. There was no claim that the Administrator was incorrect in declaring the policy lapsed in the first place.

The case of Taft v. United States, 2 Cir., 1942, 127 F.2d 876, illustrates the precise distinction to be made. That case involved two claims by the plaintiff, one that the policy had never lapsed, and the other that, if it did, the Administration should have reinstated it. The court, in an opinion by L. Hand, J., affirmed the judgment of the District Court of Vermont. Judge Hand stated that the Court had no jurisdiction to review the denial of the application for reinstatement, citing the Meadows case. However, the Court *did have jurisdiction under section 445 to review the finding of the Administrator that the policy had lapsed for non-payment of premiums.* This is precisely the issue which the plaintiff wishes to have litigated in the instant case.

It having been decided that this action was properly brought under section 445, the venue and jurisdiction provisions of that section are applicable. The section provides for an action against the United States in the district where the plaintiff resides, which is this district. In the face of this express provision, contrary venue sections such as Title 28, section 1391, are inapplicable. Section 445 does not confer jurisdiction to sue the Veterans' Administrator; consequently, although he was apparently properly served according to rule 4(d) (5) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the action against him must be dismissed for lack of jurisdiction. Fetter v. Veterans Administration, D.C.N.Y.1956, 146 F.Supp. 669, 671.

■ The United States contends that this court has no jurisdiction to grant coercive relief against it.

The government cites the cases of Birge v. United States, D.C.Okl.1953, 111 F.Supp. 685, and Schilling v. United States, D.C.Mich.1951, 101 F.Supp. 525. These and other cases which they cite, mean only that if there is no other jurisdictional basis, mandamus may not be used to obtain coercive relief. But if, as in this case, there is a separate ground of jurisdiction, mandamus [3] may be used in aid of it. As is stated in Covington & Cincinnati Bridge Co. v. Hager, 1906, 203 U.S. 109, at page 110, 27 S.Ct. 24, 51 L.Ed. 111:

that writ is still preserved. Levine **v.** Farley, 1939, 70 App.D.C. 381, 107 F.2d 186.

---

**3.** Although, as many of the cases overlook, mandamus has been outlawed by Rule 81(b) of the Federal Rules of Civil Procedure, the common law function of

"It has been too frequently decided in this court to require the citation of the cases that the Circuit Courts of the United States have no jurisdiction in original cases ' of mandamus, *and have only power to issue such writs in aid of their jurisdiction in cases already pending, wherein jurisdiction has been acquired by other means and by other process."* [Emphasis added.]

In Hines v. United States ex rel. Marsh, 1939, 70 App.D.C. 206, 105 F.2d 85, plaintiff brought suit in the district court of Nebraska to establish disability benefits. He later enforced the judgment by mandamus in the District of Columbia.

In Tyer v. Hines, 1941, 73 App.D.C. 196, 117 F.2d 782, Judge Vinson denied a writ of mandamus to compel the Veterans' Administration to make payments under an alleged policy of War Risk yearly renewable term insurance. But this was only because no suit under section 445 had been instituted and there were no separate grounds for jurisdiction. The court suggested that if a judgment were obtained against the United States under section 445, a writ of mandamus would be granted to compel the purely ministerial act of paying the judgment.

In Morgan v. Hines, 1940, 72 App.D.C. 331, 113 F.2d 849, the court denied a petition for mandamus to compel the Administrator to pay the proceeds of government life insurance. The court stated that section 445 was the exclusive remedy. The decision probably means that the action should have been brought against the United States under section 445 rather than against the Administrator.

None of the cases can be interpreted to mean that if a judgment is obtained against the United States under section 445 and the judgment is not complied with, no further relief may be had.

█ Relief may be had against the United States under Rule 70, which provides for the execution of specific acts.

An alternative method of executing any judgment may be, although the question need not now be decided, to bring an action against the Administrator in the District of Columbia to compel performance of his duty to honor the judgment against the government. See Citizens Bank and Trust Company of Bloomington, Indiana v. United States, 1956, 100 U.S.App.D.C. 1, 240 F.2d 863, Hines v. Marsh, supra.

If final authority is needed in support of the proposition that coercive relief may be obtained against a governmental department, we quote from Marbury v. Madison, 1803, 2 Cranch 137, 166 [Reprint 5 U.S. 87, 105], 2 L.Ed. 60. In attempting to determine whether mandamus lay against the Secretary of State, the court stated:

" * * * where the heads of departments are the political or confidential agents of the executive, merely to execute the will of the president, or rather to act in cases in which the executive possesses a constitutional or legal discretion, nothing can be more perfectly clear, than that their acts are only politically examinable. But where a specific duty is assigned by law, and individual rights depend upon the performance of that duty, it seems equally clear, that the individual who considers himself injured, has a right to resort to the laws of his country for a remedy."

█ The government also moves to dismiss on the ground that the complaint fails to state a claim upon which relief can be granted. The complaint states that "a disagreement exists between the plaintiff and the Veterans' Administration as to whether or not such policy was properly declared to have lapsed effective February 1, 1951." This is sufficient to allege a "disagreement as to a claim * * * under a contract of insurance" within the meaning of section 445, particularly in view of liberal pleading rules. The government contends that the requirements for reinstatement are not alleged to have been fulfilled, but since

this is strictly speaking not a suit for reinstatement, these allegations are unnecessary.

As to Sumner G. Whittier, Administrator of Veterans' Affairs, the action is dismissed for lack of jurisdiction; the motion is otherwise denied.

An order will be so entered.