## INHABITANTS OF TOWN OF BRUNSWICK

v.

## Gordon W. CAMPBELL et al.

Supreme Judicial Court of Maine.

Argued Nov. 9, 1981.

Decided Jan. 5, 1982.

Smith, Loyd & King, Lendall L. Smith (orally), Brunswick, for plaintiff.

David Smart (orally), Stephen T. Jeffco and Robert L. J. Nebling, Portsmouth, N. H., for defendant.

Before McKUSICK, C. J., and NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

PER CURIAM.

On December 29, 1980, the Superior Court permanently enjoined Gordon Campbell and his two co-defendants "from operating the five coin operated amusement devices located at Fantasy Book Shop, 200 Bath Road, Brunswick, Maine, until such time as they possess a valid license [from the Town of Brunswick]." After being denied a license by the Town, defendants reconstructed the five machines so that they were no longer coin-operated, but rather could be placed in operation only by the store manager's activating a control switch behind the counter. On motion of the Town of Brunswick, the same Superior Court justice on June 2, 1981, held defendants in contempt for doing business with the five amusement devices as so reconstructed, and imposed a fine of $500 per day for future violations, commencing the next day. On defendants' appeal we find that the December 29, 1980, injunction, when objectively construed, did not prohibit the operation of non-coin-operated amusement devices. Accordingly, the contempt judgment must be reversed.

Whether defendants were in contempt depends upon the scope of the injunctive order. That order clearly forbade the operation of five *coin-operated* machines located at defendants' place of business on December 29, 1980. But the injunction is far from clear as to whether those same machines are barred from use when they no longer are coin-operated.

■ Rule 65(d) of the Maine Rules of Civil Procedure requires that any injunction be "specific" and "describe in reasonable detail ... the act or acts sought to be restrained." The rules impose those requirements in order that the enjoined parties may know what they are forbidden to do and that enforcement agencies and other justices may know what they must enforce. *See Sebago Lake Camps, Inc. v. Simpson,* Me., 434 A.2d 519, 522–23 (1981). *See also* 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2955, at 541–43 (1973) [discussing identical F.R.Civ.P. 65(d)]. An ordinary person reading the injunction should be able to ascertain from the document itself exactly what conduct is proscribed. *Id.* at 536–37; *Brumby Metals, Inc. v. Bargen,* 275 F.2d 46, 49 (7th Cir. 1960). An injunction thus must be read with an objective eye. In the case *sub judice* the fact that the Superior Court justice who issued the injunction indicated by entering his contempt judgment that he had meant to enjoin these five machines, even if not coin-operated, does not bring to an end our need to search out the meaning objectively conveyed by the language that he in fact used.

The Rule 65(d) requirements of specificity and reasonable detail, along with the policy considerations underlying them, strongly suggest that an appellate court in reviewing a contempt judgment give a strict construction to the injunction alleged to have been violated and that the scope of the injunction be limited to that which it encompasses with reasonable clarity. *Cf. City of South Portland v. Pine State By-Products, Inc.,* Me., 306 A.2d 1, 4–5 (1973) (plaintiff seeking a contempt order must prove violation of the injunction by "clear and convincing" evidence, even if the plaintiff is a public body). Some authorities have suggested that a contempt proceeding so resembles a criminal proceeding that the rule of strict construction of criminal statutes should apply by analogy to the construction of injunctions. *See* 17 Am.Jur.2d *Contempt* § 53, at 55 (1964).

■ These principles of construction, when applied to the injunction of December 29, 1980, lead inevitably to the conclusion that defendants were not thereby enjoined from operating any amusement device that was not coin-operated, regardless of the fact that the particular machine might have previously been activated by coin. This conclusion is reinforced by the fact that the injunction was entered at the behest of the Town of Brunswick for the purpose of enforcing a licensing ordinance that requires a license *only* for "pinball machines and other coin operated devices." As the Town readily concedes, defendants would at no time here pertinent need a license to operate an amusement device actuated by a control switch behind the store counter. Indeed, the Brunswick ordinances contain no provision for such a license and thus the injunction, if interpreted as broadly as the Town now urges, would mean defendants would be forever barred from operating these five particular non-coin-operated amusement devices. Those particular machines would in effect be declared contraband and solely because they had previously been used as coin-operated devices without the required municipal license. Giving proper regard to the demands of logic and of equal treatment for all, we cannot read the injunction to prohibit an activity not covered by the ordinance.

We do not have before us, and we therefore do not intimate any opinion upon, the questions of (i) the validity of the provision of the Brunswick ordinance under which defendants were denied a license and (ii) the authority of the Town of Brunswick to amend its ordinance to require hereafter a license for all amusement devices, including non-coin-operated ones.

The entry must be:

Judgment of contempt reversed.

All concurring.