**TOWN OF KITTERY**

v.

**James M. DINEEN.**

Supreme Judicial Court of Maine.

Argued March 20, 1991.
Decided May 13, 1991.

Duncan McEachern (orally), McEachern & Thornhill, Kittery, for plaintiff.

James M. Dineen (orally), pro se.

Before McKUSICK, C.J., and ROBERTS, WATHEN, CLIFFORD, COLLINS and BRODY, JJ.

PER CURIAM.

Defendant James M. Dineen appeals from a judgment of the Superior Court (York County, *Delahanty, C.J.*) that fined him $3,900 for contempt of its previous order to abate a nuisance and granted the Town other prospective relief. We con-

clude that the court erred to the extent it imposed $1,200 of the fine for conduct that the previous order had not prohibited. We therefore modify the judgment to reduce the fine to $2,700, but we affirm the judgment in all other respects.

On December 15, 1987, after a trial on the Town of Kittery's complaint for declaratory judgment, the Superior Court found that Dineen had been maintaining an automobile graveyard in violation of 30 M.R.S.A. § 2452 (1978),[1] and a public nuisance in violation of 17 M.R.S.A. § 2802 (1983),[2] on his premises at 40–42 Old Post Road in Kittery. The court granted relief to the Town in the form of a final injunction ordering that Dineen

> immediately and without needless delay take affirmative action to remove from his premises all vehicles or parts of vehicles which are worn out, discarded, junk or unserviceable. These vehicles include all those listed on the appendix attached hereto and made a part hereof.

The order also prohibited Dineen from bringing other inoperable vehicles onto the property unless they were repaired immediately.

On Dineen's motion, the court stayed its December 1987 order to the extent of allowing him to "undertake and complete the activity prescribed in the [o]rder ... within 45 days of the entry of final judgment after any decision" on appeal. More than a year later, we dismissed Dineen's appeal for want of prosecution. On June 27, 1989, more than 45 days following the dismissal of Dineen's appeal, the Town moved for contempt and enforcement of the Superior Court's December 1987 order.[3]

At the hearing on the Town's motion, a Kittery police officer testified to three inspections of Dineen's premises. At the most recent inspection on the day before the hearing, the officer photographed all of the cars, trucks, and buses then parked at 40–42 Old Post Road. The officer also photographed vehicles parked at 55 Old Post Road, a property located diagonally across the street from Dineen's premises. Although Dineen did not own this second property, he has stated that he had received permission from the property's owner to keep vehicles there. The officer described the condition of the vehicles at 40–

---

1. 30 M.R.S.A. §§ 2451–2460 (1978), *repealed by* P.L.1987, ch. 737, § A, 1 (effective Feb. 28, 1989), provided that:

   No "automobile graveyard" or "junkyard" shall be established, operated or maintained, or permitted by the owner of any land to be established, operated or maintained, without first obtaining a nontransferable permit from the municipal officers of the municipality wherein said automobile graveyard or junkyard is to be established, operated or maintained....

   30 M.R.S.A. § 2452.
   Section 2451–B defined an automobile graveyard as

   a yard, field or other area used as a place of storage, other than temporary storage by an establishment or place of business which is engaged primarily in doing auto body repair work for the purpose of making repairs to render a motor vehicle serviceable, for 3 or more unserviceable, discarded, worn-out or junked motor vehicles as defined in [the general provisions of the motor vehicle laws].

   Section 2457 stated that "violation of this subchapter ... shall constitute prima facie evidence that said yard is a nuisance...."
   Currently, the automobile graveyard statute may be found in 30–A M.R.S.A. §§ 3751–3760 (Pamph.1990).

2. In pertinent part, 17 M.R.S.A. § 2802 (1983) states that:

   Any places where one or more old, discarded, worn out or junked motor vehicles ... or parts thereof, are gathered together, kept, deposited or allowed to accumulate, in such manner or in such location or situation, either within or without the limits of any highway, as to be unsightly, detracting from the natural scenery or injurious to the comfort and happiness of individuals and the public, and injurious to property rights, are declared public nuisances.

3. Upon receipt of the Town's motion filed pursuant to M.R.Civ.P. 70, the court should have scheduled the motion for an evidentiary hearing. Instead the court entered an order to show cause. A show cause order, which requires the defendant to show cause why he should not be held in contempt and punished therefor, is inappropriate and purports to shift the burden of persuasion on the contempt motion from the moving party to the opposing party. *See Mitchell v. Flynn*, 478 A.2d 1133, 1134 n. 2 & 1135 (Me.1984). The error here was harmless, however, because the record does not suggest that the court shifted the burden of persuasion on the contempt motion from the Town to Dineen.

42 Old Post Road, as well as of the vehicles that he found at 55 Old Post Road that had previously been at 40–42 Old Post Road. Referring to the appendix to the December 1987 order, the officer described the location of each of the sixteen vehicles that the court had ordered removed. Four of those vehicles were still at 40–42 Old Post Road, four had been moved to 55 Old Post Road, and eight were not at either location. In his testimony, Dineen challenged the officer's testimony only as to the serviceability of certain vehicles.

■ After a view of both premises, the court issued a decision and order on May 9, 1990. The court found that four unserviceable vehicles identified in the appendix of the December 1987 order were still located at 40–42 Old Post Road and four were located at 55 Old Post Road. The court held Dineen in contempt of its earlier order for failing to remove those eight vehicles from both properties and fined him $300 for each vehicle. The court also held Dineen in contempt for bringing five additional unserviceable vehicles onto 40–42 Old Post Road and fined him $300 for each of those vehicles. The court ordered Dineen to remove all thirteen vehicles, plus a fourteenth inadvertently omitted from the December 1987 order. Following post-judgment motions, Dineen filed this appeal from the May 9, 1990, order.[4]

■ The court acted well within its power to fine Dineen $2,700 for the four vehicles that were kept on 40–42 Old Post Road and the five vehicles that were brought there in violation of the December 1987 order. The court made no error in its factual finding that the four vehicles subject to the December 1987 order that Dineen had yet to remove from 40–42 Old Post Road remained unserviceable. *See International Paper Co. v. United Paperworkers Int'l Union*, 551 A.2d 1356, 1361 (Me.1988) (facts underlying the Superior Court's finding of civil contempt will not be disturbed unless clearly erroneous). The

record provided ample basis for the court to find that those four vehicles, including one kept in the garage, were still on the property in violation of the December 1987 order, were still unserviceable or inoperable, and were still contributing to an automobile graveyard and a public nuisance. Nor did the court err in interpreting its stay of the December 1987 order pending Dineen's earlier appeal as applying only to the paragraph of the order that required him to begin to remove the vehicles. Dineen argued in his motion requesting the stay that if he were to prevail on appeal, he would never be able to recoup the money spent to remove the vehicles. Because that argument was not directed to the paragraph of the order that prohibited Dineen from bringing inoperable vehicles onto his property, the court was correct in finding that Dineen had never requested or been granted a stay of that provision and had engaged in conduct in violation of it.

■ The court did, however, err in fining Dineen $1,200 for the four vehicles that he moved after the December 1987 order from 40–42 Old Post Road to storage at 55 Old Post Road. With respect to those four vehicles, Dineen was in technical compliance with the December 1987 order that directed him to remove them from 40–42 Old Post Road. Although the court's subjective intent in issuing that order was undoubtedly to enjoin Dineen from operating an automobile graveyard at any location in Kittery, the court failed to craft an injunction, which when viewed objectively, was broad enough to achieve its intent. *See Inhabitants of Brunswick v. Campbell*, 438 A.2d 1285, 1287 (Me.1982).

■ Finally, we uphold the balance of the court's order of May 9, 1990, that orders Dineen prospectively to remove a total of fourteen vehicles from both 40–42 and 55 Old Post Road, that fines him if he fails to do so within 30 days, and that provides for the appointment of a receiver if he fails to do so within 60 days. After trial and as

---

4. Contrary to Dineen's contention, the court properly denied his motions for findings of fact and conclusions of law because the findings and conclusions that formed the basis for the court's

contempt order are clearly and sufficiently stated in that order. *See* M.R.Civ.P. 52(a); *Murray v. Murray*, 529 A.2d 1366, 1368 n. 1 (Me.1987).

part of the contempt proceedings, it was appropriate for the court prospectively to modify its initial order upon the Town's proof of changed circumstances. *See Clifford v. Klein,* 463 A.2d 709, 713–14 (Me. 1983); *Town of Shapleigh v. Shikles,* 427 A.2d 460, 466 (Me.1981).

The entry is:

Judgment of the Superior Court is modified by reducing to $2,700 the fine levied against Dineen for contempt, and as so modified the judgment is affirmed.

All concurring.