Carlos MORALES FELICIANO, et al., Plaintiffs,

v.

Rafael HERNANDEZ COLON, et al., Defendants.

Civ. No. 79–4(PG).

United States District Court, D. Puerto Rico.

June 12, 1991.

Order Appointing Special Master July 18, 1991.

See also 757 F.Supp. 139.

Nachman & Fernandez Sein, Santurce, P.R., Mcconnell, Valdes, San Juan, P.R., Carlos Ramos Gonzales, Jose A. Fernandez Paoli, Santurce, P.R., Carlos Garcia Gutierrez, Gonzalez Badillo & Davila, Harry Anduze, Pia Gallegos, Hato Rey, P.R., Jeffrey Williams, San Juan, P.R., for plaintiffs.

Ramirez & Ramirez, Hato Rey, P.R., Pedro Del Valle, Federal Lit. Div., Dept. of Justice, San Juan, P.R., for defendants.

## ORDER

PEREZ–GIMENEZ, Chief Judge.

On May 30, 1991, the court entered an order finding defendants in contempt of its order of March 30, 1990 and directing defendants to enter into a contract with BRCA for conducting certain evaluations and preparing plans of corrective action required by §§ 17, 18, and 19 of the environmental plan approved by the March 1990 order. Defendants were required to file an executed contract by June 10, 1991, but they have failed to do so.

In its earlier order, the court stated that it would not adopt the remedy sought by plaintiffs, the imposition of a coercive fine in the amount of $10,000 per day until defendants file the evaluations and plans required by §§ 17, 18, and 19 of the environmental plan. Rather, it directed defendants to enter into an appropriate contract with BRCA within ten days and announced that it would enter an additional order to ensure compliance with those critically important provisions of the environmental plan if that became necessary.

Accordingly, for the reasons set forth below, the court will exercise its discretion to appoint a special master, pursuant to Rule 70 of the Federal Rules of Civil Procedure, to enter into and oversee performance of a contract with BRCA for the purposes set forth above. As quickly as the court identifies a person to serve as master, it will enter an order appointing the special master and setting forth the specific powers and duties of that individual.[1]

Rule 70 reads, in relevant part,

If a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court and the act when so done has like effect as if done by the party.

Rule 70 "gives the courts ample power to deal with parties who seek to thwart judgments by refusals to comply with orders to perform specific acts." Wright & Miller, 12 *Federal Practice and Procedure*

---

1. The instant order will discuss in some detail the authority provided by Rule 70 for the master's appointment. The court also will rely upon the more detailed provisions of Rule 53(c) of the Federal Rules of Civil Procedure in issuing its subsequent order of reference setting forth the duties and powers of the master.

§ 3021. *See also* T.J. Moore, *Moore's Federal Practice* § 70.02.

█ The use of Rule 70 is not limited to conveyances of land, but may be employed whenever a party fails to perform any specific act ordered by a court. *Gilbert v. Johnson,* 490 F.2d 827 (5th Cir.1974). The rule has been relied upon, for example, to employ an accountant to render an accounting that a party refused to make, *Standard Scale & Supply Co. v. Cropp Concrete Mach. Co.,* 6 F.2d 447 (7th Cir.1925), to abate a nuisance, *Clarke v. Chicago, B. & Q.R. Co.,* 62 F.2d 440 (10th Cir.1932), *cert. denied,* 290 U.S. 629, 54 S.Ct. 49, 78 L.Ed.2d 548 (1933), and to reinstate a contract of insurance. *Lufkin v. United States,* 168 F.Supp. 451 (D.N.H.1958).

The rule also has been relied upon by courts to effectuate judgments in public reform litigation. In *United States v. City of Detroit,* 476 F.Supp. 512 (E.D.Mich. 1979), the district court appointed the Mayor of Detroit (who had acknowledged that "the buck stops here and with me") to administer the water treatment plant of the City of Detroit after the defendants, the City and its Sewer Department, had failed to achieve compliance with a consent decree. In *Gates v. Collier,* 616 F.2d 1268 (5th Cir.1980), a case involving conditions at Mississippi's Parchman Penitentiary, the court of appeals relied upon Rule 70 to affirm a directive to the State Auditor and the State Treasurer to take steps that would result in satisfaction of an award of attorneys' fees.

In conclusion, the court cannot in good conscience brook further delay with respect to compliance with §§ 17, 18, and 19 of the environmental plan; nor can it tolerate continued defiance of its lawful orders. It has concluded that imposition of coercive fines will lead to additional delay in the vindication of plaintiffs' constitutional rights, but it eschews the harsh remedy of conditional imprisonment of any of the defendants in this action. Thus, the court will rely upon its traditional equitable power to impose a remedy that is precisely tailored to the immediate need for prompt and effective compliance with these critically important provisions of the environmental plan.

Wherefore, it is hereby

ORDERED that a special master will be appointed to enter into and oversee performance of a contract with BRCA for the performance of evaluations of electrical, plumbing, and major structural deficiencies throughout all AOC facilities, as well as for the preparation of plans for corrective action, as required by §§ 17, 18, and 19 of the environmental plan approved by the court on March 30, 1990. It is further

ORDERED that all actions of the special master shall be subject to the review and approval of the court in accordance with the terms of an order of reference to be entered appointing the master and setting forth the specific duties and powers of that individual.

SO ORDERED.

### ORDER APPOINTING SPECIAL MASTER

By order of June 12, 1991, the court announced its intention to appoint a special master, pursuant to Rule 70 of the Federal Rules of Civil Procedure, to enter into and oversee a contract with BRCA to perform certain evaluations and to prepare certain plans required by sections 17, 18, and 19 of the Environmental Plan approved by the court on March 30, 1990. In that order, the court indicated as well that it would rely on the more detailed provisions of Rule 53(c) of the Federal Rules of Civil Procedure in issuing its order of reference appointing the master. For the reasons set forth in the court's June 12 order and its order of May 30, 1991, finding defendants in contempt of the March 30, 1990 order, the court will appoint Jorge A. Pierluisi–Díaz to serve as special master, but will limit his duties at this time to the negotiation and execution of an appropriate contract. Upon approval of a contract, pursuant to the terms of this order, the defendants in this action will be given an opportunity to oversee performance of that contract if they wish to do so; only if they decline to provide the necessary supervision will it be

necessary for the court to assign this responsibility to the special master.

Mr. Pierluisi–Díaz is a civil engineer with exceptionally broad experience. He has served as Construction Inspector, Chief Inspector, and finally as Civil Engineer in the Design Department of the Army Antilles Engineers. He has worked as a general contractor and developer in the construction of public and private housing projects, hotels, hospital buildings, office buildings, industrial buildings, and shopping centers. For eight years, he served as Secretary of the Housing for the Commonwealth of Puerto Rico. He is a Member of the Puerto Rican College of Engineers and Surveyors, a Member of the Panel of Arbitrators of the American Arbitration Association, and the former President of the Puerto Rican chapter of the Associated General Contractors of America. At the present time, Mr. Pierluisi–Díaz is engaged in engineering consulting, arbitration, and the development of feasibility studies and inspections for construction projects in Puerto Rico.

In summary, Mr. Pierluisi–Díaz is exceptionally well qualified to perform the services required of the special master in connection with negotiation and execution of a contract for the evaluations of plumbing, electrical, and major structural deficiencies and for the development of plans of corrective action required by the Environmental Plan. Wherefore, it is hereby

ORDERED that, pursuant to Rule 70 of the Federal Rules of Civil Procedure, Jorge A. Pierluisi–Díaz is appointed to serve as special master. The duties and powers of the special master are designated in this order pursuant to that rule and Rule 53(c) of the Federal Rules of Civil Procedure. It is further

ORDERED that, as promptly as possible, the special master shall enter into and conclude negotiations with BRCA regarding a contract for professional services for the performance of evaluations of electrical, plumbing, and major structural deficiencies throughout all facilities of the Administration of Corrections and for the preparation of plans of corrective action regarding any deficiencies that are discovered, as required by sections 17, 18, and 19 of the Environmental Plan approved by the court on March 30, 1990. It is further

ORDERED that, at the conclusion of these negotiations, the special master shall provide the court with his recommendations regarding the sufficiency of the proposed contract to accomplish the objectives of sections 17, 18, and 19 of the Environmental Plan approved by the court on March 30, 1990, the reasonableness of the cost of the proposed contract, and the reasonableness of the length of time projected for the completion of the required evaluations and of the required plans for corrective action. It is further

ORDERED that, following the court's review and approval of the proposed contract, the special master will be directed to execute the contract on behalf of the defendants in this action. It is further

ORDERED that the special master shall be provided access to all facilities, records, and personnel of the Administration of Corrections to the extent such access is necessary to accomplish the objectives of this order. The defendants in this action, shall cooperate with the special master and shall respond to all requests for assistance made by the special master in connection with the performance of his duties pursuant to this order. It is further

ORDERED that the special master shall be compensated at the rate of One Hundred Thirty–Five Dollars ($135.00) per hour and shall be reimbursed for all necessary and reasonable expenses in connection with the fulfillment of his duties pursuant to this order. The special master shall file an itemized statement of his fees and expenses, which, when approved by the court, shall be paid by defendants as costs in this action.

SO ORDERED.