Carolyn and Leonard NICHOLS v. AGENCY OF ENVIRONMENTAL CONSERVATION

Vermont Transportation Board v. Leonard and Carolyn Nichols

[627 A.2d 858]

No. 92-403

May 18, 1993. The sole issue in this appeal is whether the superior court has the authority under V.R.C.P. 70 to appoint a master to effectuate compliance with an order that does not involve the conveyance of real property. We hold that the court has this authority and affirm.

The Vermont Agency of Natural Resources and the Vermont Trans-

portation Board brought separate actions against appellants Carolyn and Leonard Nichols for violations of Act 250, 10 V.S.A. §§ 6001–6092, and the Vermont Junkyard Law, 24 V.S.A. §§ 2241–2283. The cases were consolidated because they both involved allegations that appellants' operation of two junkyards in the Town of Berkshire was unlawful. Judgment was entered on November 12, 1991, pursuant to a stipulation submitted to the court by the parties. The judgment ordered appellants to remove all junk from their East Berkshire property within 90 days and to discontinue use of the site as a junkyard. It further ordered that, in the event appellants had not obtained all permits necessary to operate the West Berkshire junkyard within 120 days, they should remove all junk within 150 days and discontinue use of the site as a junkyard.

After a compliance hearing in May 1992, the court found that appellants had not stopped using the two Berkshire sites for their junkyard business and that the time to comply with the November 12, 1991 order had expired. It therefore held that appellants had failed to comply with the order, and, pursuant to V.R.C.P. 70, the court appointed a special master to ensure their compliance. The master was authorized to remove all junk from both the East and West Berkshire sites. Appellants appeal from this order, arguing that the court had no authority under V.R.C.P. 70 to appoint a master to carry out acts other than conveying real property.

V.R.C.P. 70 provides in part:

> If a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents *or to perform any other specific act* and the party fails to comply within the time speci-

fied, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court and the act when so done has like effect as if done by the party . . . .

The plain language of the rule allows the court to appoint a master to convey land or "perform any other specific act." There is nothing in the rule that would limit its use to conveyances of land. See *Morales Feliciano v. Hernandez Colon*, 771 F. Supp. 11, 13 (D.P.R. 1991) ("[t]he use of Rule 70 is not limited to conveyances of land"; construing identical language in federal rule). Nor have appellants cited any authority to support their position.

We conclude that the court was authorized under V.R.C.P. 70 to appoint a master to perform the acts necessary to ensure appellants' compliance with the court's November 1991 order. See *Town of Kittery v. Dineen*, 591 A.2d 236, 238 (Me. 1991) (upholding order to appoint receiver if defendant failed to remove junk cars within 60 days).

*Affirmed.*