2014 VT 124

## In re Goddard College Conditional Use

## In re Goddard College Act 250 Reconsideration (Karen Bouffard, Appellant)

[111 A.3d 1285]

No. 14-049

Present: Reiber, C.J., Dooley, Skoglund and Robinson, JJ., and Maley, Supr. J., Specially Assigned

Opinion Filed November 21, 2014

*Brice Simon* of *Breton & Simon, PLC*, Stowe, for Appellant.

*Geoffrey H. Hand* and *Elizabeth H. Catlin* of *Dunkiel Saunders Elliott Raubvogel & Hand, PLLC*, Burlington, for Appellee.

*William H. Sorrell*, Attorney General, and *Robert F. McDougall* and *Scot L. Kline*, Assistant Attorneys General, Montpelier, for Amicus Curiae Vermont Natural Resources Board.

¶ 1. **Robinson, J.** This case raises the issue of whether Act 250 requires consideration of alternative siting in every case in which a party objects to a proposed land-use project on aesthetic grounds, pursuant to 10 V.S.A. § 6086(a)(8), without regard to the presence of competent evidence supporting alternative siting as a

reasonable mitigating measure. Appellant Karen Bouffard (neighbor), a neighboring resident, challenges the Superior Court, Environmental Division's grant of an Act 250 permit to Goddard College to build a woodchip heating system on its campus in Plainfield, arguing that the court failed to properly consider measures to mitigate the aesthetic impact of the project by siting it elsewhere on the college property. We affirm.

¶ 2. The college obtained an Act 250 permit from District Environmental Commission No. 5 in 2012, authorizing it to replace individual oil-fired systems in each of twenty-three campus buildings with a new central woodchip boiler system on its campus in Plainfield. The project includes a 2,469-square-foot building, distribution pipeline, woodchip-storage area, and access roadway.

¶ 3. Several area residents appealed to the Environmental Division for de novo review. Residents raised several claims, and the court rejected each of them in an April 2013 decision on the college's motion for summary judgment and a January 2014 decision on the merits. With respect to Criterion 8 of Act 250, the court found that while there would be adverse aesthetic impacts from the project, these impacts would not be unduly adverse. Neighbor now appeals, challenging the Environmental Division's conclusions with respect to the aesthetics criterion. In particular, neighbor argues that the court erred in refusing to consider relocation of the project within the project tract, and that its analysis concerning mitigation of the project's adverse aesthetic impacts was not supported by adequate factual findings that are themselves supported by the record.

¶ 4. The Environmental Division "determines the credibility of witnesses and weighs the persuasive effect of evidence, and we will not overturn its factual findings unless, taking them in the light most favorable to the prevailing party, they are clearly erroneous." *In re Vill. Assocs. Act 250 Land Use Permit*, 2010 VT 42A, ¶ 7, 188 Vt. 113, 998 A.2d 712 (quotation omitted). We review "the environmental court's rulings on questions of law or statutory interpretation de novo." *In re Grp. Five Invs. CU Permit*, 2014 VT 14, ¶ 4, 195 Vt. 625, 93 A.3d 111.

¶ 5. Act 250 requires the district environmental commission, before granting a permit, to find that the proposed project meets ten statutory criteria. 10 V.S.A. § 6086(a). Criterion 8 requires, among other things, that the project "not have an undue adverse effect on the scenic or natural beauty of the area" or "aesthetics."

*Id.* § 6086(a)(8). Although the applicant has the burden of proof with respect to many of the Act 250 criteria, the burden of proof for Criterion 8 is "on any party opposing the applicant." *Id.* § 6088(b); see also *In re Denio*, 158 Vt. 230, 236, 608 A.2d 1166, 1170 (1992) (noting that § 6088(b) allocates burden to "party opposing the applicant . . . to show an unreasonable or adverse effect").[1]

¶ 6. ▮ In making Criterion 8 determinations, the district commissions and the Environmental Division, like this Court, apply the two-step *Quechee* test. *In re Rinkers, Inc.*, 2011 VT 78, ¶ 9, 190 Vt. 567, 27 A.3d 334 (mem.) (applying test of *In re Quechee Lakes Corp.*, Nos. 3W0411-EB & 3W0439-EB, slip op. at 17-18 (Vt. Envtl. Bd. Nov. 4, 1985), http://www.nrb.state.vt.us/lup/decisions/1985/3w0439-eb-fco.pdf). The first step is determining whether the project " 'will have an adverse impact on aesthetics and the scenic and natural beauty of an area because it would not be in harmony with its surroundings.' " *In re Chaves Act 250 Permit Reconsider*, 2014 VT 5, ¶ 23, 195 Vt. 467, 93 A.3d 69 (quoting *In re Halnon*, 174 Vt. 514, 515, 811 A.2d 161, 163 (2002) (mem.)). If the project will have an adverse impact, the second question is whether the adverse impact will be "undue." *Rinkers*, 2011 VT 78, ¶ 9. An adverse impact is "undue" if (1) the project "violates a clear, written community standard intended to preserve the aesthetics or scenic, natural beauty of the area," (2) the project "offends the sensibilities of the average person," or (3) "the applicant has failed to take generally available mitigating steps that a reasonable person would take to improve the harmony of the proposed project with its surroundings." *In re Eastview at Middlebury, Inc.*, 2009 VT 98, ¶ 20, 187 Vt. 208, 992 A.2d 1014.

¶ 7. The Environmental Division found, and neither party contests on appeal, that the project will have adverse impact. This case deals with the narrow issue of the third factor in the undue-impact analysis: whether the college failed to take reasonable and generally available mitigating steps to improve the

---

[1] Neighbor relies on a 1986 decision of the former Environmental Board to argue that applicant bears the burden of persuasion on this issue. *In re Thomas*, No. 2W0644-EB, slip op. at 8 (Vt. Envtl. Bd. Feb. 18, 1986), http://www.nrb.state.vt.us/lup/decisions/1986/2w0644-eb-fco.pdf. We reject that holding as inconsistent with the applicable statute and case law.

harmony of the proposed project with its surroundings in a way that makes the project's impacts unduly adverse.

¶ 8. ■ A generally available mitigating step "is one that is reasonably feasible and does not frustrate the project's purpose or Act 250's goals." *In re Stokes Commc'ns Corp.*, 164 Vt. 30, 39, 664 A.2d 712, 718 (1995). Considering in detail the baseline character of the area and the evidence about the type, impact, and frequency of project effects, the trial court found that the college had taken "reasonable steps" to improve the harmony of the buildings with the surroundings. Specifically, the court found that project buildings would be similar in style, color, size, and scale to other buildings in the area; that the project was compatible with its surroundings ("fit"); that sporadic noise would be limited and not undue; and that vegetation and landscaping would reduce the visibility of the project. Neighbor does not challenge these findings on appeal.

¶ 9. ■ Neighbor makes two arguments. The first is an evidentiary one. Neighbor contends that the Environmental Division "refused to" allow presentation of evidence on relocation of the project elsewhere on the campus as a generally available mitigating step. This contention is not supported by the record. There was no evidentiary ruling by the trial court denying neighbor the ability to present evidence of alternative project sites in support of the claim that reasonable, generally available mitigating steps were not taken. The college raised a hearsay objection after neighbor's attorney asked neighbor during her testimony whether any representatives of the college had made any statements about "other possible locations" for the project. In response, neighbor argued that the question was relevant to whether the college had taken reasonable mitigating measures. The court expressed skepticism about the suggestion that resiting the project qualified as a mitigating measure, rather than a new project, but allowed the testimony, stating: "[T]o the extent your examination leads to . . . other areas on their campus that they could propose this . . . I'm not going to strike that from the record. I'm not sure how much I will rely on that in my decision." Neighbor then testified that a representative of the college had told her that the college had previously considered, and rejected, other sites for the project. She did not proffer any further evidence on the subject. In sum, the only relevant evidentiary

ruling made was in favor of neighbor, and neighbor was not barred in any way from presenting evidence on alternative sites.

¶ 10. Neighbor next argues that the Environmental Division erred substantively in its Criterion 8 determination that the aesthetic impact of the project would not be unduly adverse. Neighbor asserts that the court's analysis "lacks sufficient findings, or conclusions derived from evidence in the record, to support the contention that reasonabl[y] available mitigation occurred." Neighbor complains that "missing from the lower court's analysis" is an indication that the college or the court "thoroughly review[ed]" mitigating steps, "including relocation within the project tract."

¶ 11. ■ We reject this claim. The trial court's analysis is well-grounded in substantial evidence derived from the record, and it is not arbitrary, capricious, or clearly erroneous. The court's lack of discussion regarding a relocation of the project to some other site on the college's campus is not grounds for reversal here. We need not and do not decide the question raised by the court during the hearing below: whether alternative siting within a project tract may be considered as a reasonable mitigating measure (as opposed to a whole different project not subject to consideration in an Act 250 permitting proceeding).[2] Assuming without deciding that the court can consider proposed alternative siting as a reasonable mitigating measure in the undue-impact analysis, neighbor in this case failed to produce any competent evidence to support an alternative siting argument.

¶ 12. ■ ■ As noted above, in Criterion 8 challenges, the burden of proof is on the party opposing the application to show an unreasonable or adverse effect. 10 V.S.A. § 6088(b). "[I]n the absence of evidence on the issue, or where the evidence is

---

[2] See *In re Vt. Elec. Power Co.*, No. #7C0565-EB, slip op. at 4-5 (Vt. Envtl. Bd. Dec. 12, 1984), http://www.nrb.state.vt.us/lup/decisions/1984/7c0565-eb-lup.pdf (holding, in pre-*Quechee* decision, that potential alternative siting is not a permissible consideration under Act 250). But see *In re Rinkers, Inc.*, No. 302-12-08 Vtec, slip op. at 21 (Vt. Envtl. Ct. May 17, 2010), https://www.vermontjudiciary.org/gtc/environmental/ENVCRTOpinions2000-2004/08-302c.Rinkers.dec.pdf ("[I]n the context of the aesthetics subcriterion of Act 250, an examination of alternative locations for a telecommunications tower is only relevant to determining whether [a]pplicants have taken the generally available mitigating steps that a reasonable person would take to improve the harmony of the proposed project with its surroundings."), *aff'd*, 2011 VT 78, 190 Vt. 567, 27 A.3d 334 (mem.).

indecisive, the issue must be decided in the applicant's favor." *Denio*, 158 Vt. at 237, 608 A.2d at 1170. Simply put, in these cases it is the objecting party's job — not the applicant's or the court's — to adduce substantial evidence showing an unduly adverse effect on aesthetics or scenic views. That burden includes the duty to demonstrate the availability of reasonable mitigating steps to improve the project's harmony with its surroundings if the failure to take reasonable mitigating steps is a basis for an undue-adverse-impact challenge. Here, neighbor put forth almost no competent evidence on the issue of alternative siting. The only testimony transcribed for the record on appeal is neighbor's own. We assume it is the only testimony that potentially supports her contention. See V.R.A.P. 10(b)(1) ("By failing to order a transcript, the appellant waives the right to raise any issue for which a transcript is necessary for informed appellate review"); *Evans v. Cote*, 2014 VT 104, ¶ 7, 197 Vt. 523, 107 A.3d 911 ("Without the transcript, this Court assumes that the trial court's findings are supported by the evidence."). At trial, neighbor testified that a college representative told her "that there were at least two, possibly three other sites that [the college] considered before" selecting the site at issue, and that the college did not want to locate the project near historic buildings. Beyond this, neighbor presented no evidence that, for example, a suitable alternate site is "reasonably feasible" (i.e., it would not frustrate the project's purpose or Act 250's goals), or that the alternative satisfies the criteria under § 6086(a) and any other applicable permitting requirements. Because neighbor does not even remotely present substantial evidence on the issue of siting, we need not decide whether, to what extent, and under what circumstances shifting the location of a proposed project within the same tract may be a mitigating step under Criterion 8.

*Affirmed.*