STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
Docket No. 32-3-18 Vtec

| Vermont Transco LLC Subdivision |
|---|

**ENTRY REGARDING MOTION**

Count 1, Municipal DRB Subdivision (32-3-18 Vtec)

Title:          Motion to Dismiss for Lack of Standing (Motion 2)

Filer:          Town of Sutton

Attorney:       Laura L. Wilson

Filed Date:     May 4, 2018

Response in Opposition filed on 05/13/2018 by John M. Soininen, Appellant

**The motion is GRANTED.**

John Soininen appeals a decision of the Town of Sutton Development Review Board (DRB) approving a subdivision application submitted by Vermont Transco (Transco). Transco proposes to subdivide its 25-acre property on Wood Hill Road into one single-acre parcel and a second 24-acre parcel. The Town of Sutton (Town) moves to dismiss Mr. Soininen for lack of standing, claiming he does not qualify as an "interested person" under 24 V.S.A. § 4465(b).

24 V.S.A. § 4465(b)(3) sets out the standing requirements for individual appellants who are not the owners of the subject property. Under this section, an individual must: (1) own or occupy property in "the immediate neighborhood" of the subject property; (2) "demonstrate a physical or environmental impact on [his or her] interest"; and (3) allege that, "if confirmed," the DRB decision "will not be in accord with the policies, purposes, or terms of the plan or bylaw of that municipality." Additionally, an individual seeking interested person status must participate in the relevant municipal proceeding below. 24 V.S.A. § 4471.

The Town's motion alleges that Mr. Soininen has not identified a physical or environmental impact on his interests and does not live within the immediate neighborhood of the subject property.

While an individual does not need to offer definitive proof of a physical or environmental impact to his or her interests to satisfy § 4465(b)(3) before trial, he or she must show that there is a reasonable possibility of an impact beyond mere speculation. In re Bennington Wal-Mart Demolition/Constr. Permit, No. 158-10-11 Vtec, slip op. at 9 (Vt. Super. Ct. Envtl. Div. Apr. 24, 2012) (Walsh, J.); see also In re Goddard Coll. Conditional Use, No. 175-12-11 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. July 5, 2012), *aff'd*, 2014 VT 124, 198 Vt. 85 (applying Bennington Wal-Mart's Act 250 physical or environmental impact standard in a municipal proceeding).

An interested person must also show "how the development under review will impact him or her specifically (i.e., describe a concrete and particularized injury)." In re UVM Certificate of Appropriateness, No. 90-7-12 Vtec, slip op. at 11 (Vt. Super. Ct. Envtl. Div. Feb. 26, 2013)

(Walsh, J.). *aff'd*, No. 13-301 (Vt. 2014) (mem.).  The impacts alleged must be "individualized" and "distinct from that of other town residents in general."  In re Town Meadow, LLC, No. 110-5-06 Vtec, slip op. at 3, 4 n.3 (Vt. Envtl. Ct. Sept. 25, 2006) (Wright, J.); see also Riverview Mews, LLC v. Richard Elec., No. 215-11-17 Vtec, slip op. at 5 (Vt. Envtl. Ct. Apr. 7, 2008) (Wright, J.). Restatements of the legal standard, without more, do not provide factual support for a claim of physical or environmental impact.  See In re Hartland Group, No. 94-7-11 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Nov. 1, 2011) (Durkin, J.), *aff'd*, 2008 VT 92, 184 Vt. 606.

Mr. Soininen has not shown the reasonable possibility of physical or environmental impacts that are concrete and particular to himself or his property.  He theorizes that the actions of the DRB will produce economic hardship and upset taxpayer expectations, without specifying how or in what form.  These claims are vague and speculative.  Even if these claims were supported, Mr. Soininen does not show how either type of economic impact would impede his interests in a way that is distinct from the effect on the general community.

Mr. Soininen goes on to state that the DRB's actions will "clearly have a physical and environmental impact on the Appellant and his property rights," but he does not elaborate. Appellant's Reply to Town's Mot. to Dismiss for Lack of Standing at 3, filed May 13, 2018.  This restatement of the bare legal standard does not provide support for his claim.

Because Mr. Soininen has not identified the type of concrete, individualized impact required to qualify as an interested person under § 4465(b)(3), we do not need to reach the question of whether he lives in the immediate neighborhood.  For the foregoing reasons, the Town's motion is **GRANTED**.[1]  As this Court has dismissed the only appellant in this matter, we no longer have jurisdiction and the appeal is **DISMISSED**.

This completes the current proceedings before this Court. A Judgment Order accompanies this Entry Order.

So ordered.

Electronically signed on October 17, 2018 at 09:51 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Appellant John M. Soininen
Laura L. Wilson (ERN 4042), Attorney for Interested Person Town of Sutton

---

[1] Because of this decision, the parties' pending cross motions for summary judgment, the Town's motion to strike Mr. Soininen's motion for summary judgment, and Mr. Soininen's motion to strike the Town's statement of undisputed material facts are **MOOT**.