2014 VT 104

## Trevor Evans v. Gerard Cote

[107 A.3d 911]

No. 13-077

Present: **Dooley, Skoglund, Robinson and Crawford, JJ.,**[1] **and Zimmerman, Supr. J. (Ret.), Specially Assigned**

Opinion Filed August 29, 2014

---

[1] Justice Crawford was present for oral argument, but did not participate in this decision.

*Joslyn L. Wilschek* of *Primmer Piper Eggleston & Cramer PC*, Montpelier, for Plaintiff-Appellee.

*William L. Durrell* and *Nathan D. Rectanus* of *Bookchin & Durrell, P.C.*, Montpelier, for Defendant-Appellant.

¶ 1. **Dooley, J.** Defendant appeals the superior court's order concluding that defendant violated 13 V.S.A. § 3701(c) by intentionally knocking down a tree belonging to plaintiff and trespassing on plaintiff's land, and granting plaintiff $1 in damages plus attorney's fees and costs. On appeal, defendant argues that plaintiff failed to demonstrate that defendant violated the statute, that nominal damages do not support an award of attorney's fees, and that the court abused its discretion in awarding attorney's fees of $22,406 based on $1 of actual damages. We affirm.

¶ 2. The record reveals the following. The parties have been neighbors since 1980. They became embroiled in what was described by the trial court as a "feud" based on a disagreement about the location of the boundary line dividing their properties. The deed defendant received from his predecessor in title described the boundary as being located at the center of a discontinued town highway, while plaintiff believed that the entire discontinued road was on his side of the boundary line. In response to disturbances plaintiff observed in the disputed area, he began sending letters to defendant asserting that defendant was trespassing on his property. The matter remained unresolved, and in 1990 plaintiff had a survey prepared that showed the boundary line located where plaintiff believed it should be. Defendant did not agree with the location of the boundary, and in December 2006, plaintiff filed a suit, seeking a declaratory judgment that the land belonged to him. A default judgment was entered against defendant, and in March 2007 the court issued a declaratory judgment establishing the boundary between the properties as set forth in plaintiff's survey. In December 2008, defendant moved to vacate the default judgment, and the court denied the motion. This Court affirmed on appeal. See *Evans v. Cote*, No. 2009-326, 2010 WL 712475 (Vt. Feb. 25, 2010) (unpub. mem.).

¶ 3. Meanwhile, plaintiff commenced a separate action in August 2008, alleging that between 1984 and 2008 defendant had trespassed on plaintiff's land, and damaged plaintiff's property by removing trees, topsoil, and a barbed wire fence. Plaintiff sought

damages under various statutes, including treble damages for trespass and conversion of trees, 13 V.S.A. § 3606, attorney's fees, *id.* § 3701, and a penalty and costs for removal of survey monuments, *id.* § 3834. Plaintiff also sought an injunction precluding defendant from entering plaintiff's land. In response, defendant moved to dismiss, asserting that the prior default judgment was ineffective. The court denied the motion.

¶ 4. The court held a bench trial in December 2011. Following trial, the court found that defendant had removed topsoil and portions of a wire fence, and "cut, destroyed or otherwise removed significant numbers of trees located near the boundary between the two parcels." Based on its findings that defendant had trespassed on plaintiff's property and that there was a substantial probability that he would continue to do so, the court granted plaintiff's request for a permanent injunction. As to damages, the court concluded that the statute of limitations barred any recovery for actions taken prior to August 2002, which was six years before the case was filed.[2] The court found that the sole damage occurring after August 2002 that was supported by the evidence was that in 2008 defendant had "knocked down one dead but standing softwood tree" on plaintiff's side of the boundary line. The court awarded damages of $1 for the felled tree, explaining that it could not determine the replacement value of a single tree from the evidence presented.[3]

¶ 5. In addition, the court awarded plaintiff attorney's fees and costs under the unlawful mischief statute. 13 V.S.A. § 3701(f). The court found that the fees requested by plaintiff were reasonable, but that a downward departure was warranted because plaintiff had obtained a poor outcome in comparison to what was sought. Thus, the court made a 75% reduction in the requested amount, and awarded $22,406 in attorney's fees and costs. Defendant moved to reconsider, arguing that a nominal damage recovery of $1 did not support an award of attorney's fees under the statute. The court rejected defendant's argument, concluding that recovery of attorney's fees is not dependent on obtaining a certain monetary amount of damages.

---

[2] The court rejected plaintiff's arguments seeking to extend the limitations period.

[3] Initially, the court awarded $500 to plaintiff based on the civil penalty provisions of 13 V.S.A. § 3602. Following defendant's motion to reconsider arguing that reliance on the statute was improper because it was not in effect until 2010 and was punitive in nature, the court amended the judgment to award $1.

¶ 6. On appeal, defendant raises one main issue, that the court abused its discretion in the attorney's fee award, but argues four rationales for his position: (1) the court abused its discretion in awarding a permanent injunction; (2) plaintiff failed to prove that defendant violated 13 V.S.A. § 3701(c); (3) the nominal damage award was not sufficient to support an award of attorney's fees; and (4) the amount of attorney's fees awarded is out of proportion to the damages received. We address the first two of these issues together because a deficiency in defendant's appeal answers both arguments.

¶ 7. ■ ■ Defendant has not ordered a transcript of the trial on the merits, and therefore has waived any challenge to sufficiency of the court's findings. V.R.A.P. 10(b)(1) (explaining that it is appellant's responsibility to order transcript and appellant "waives the right to raise any issue for which a transcript is necessary for informed appellate review"). Without the transcript, this Court assumes that the trial court's findings are supported by the evidence. *In re S.B.L.*, 150 Vt. 294, 307, 553 A.2d 1078, 1087 (1988); see *Hoiska v. Town of E. Montpelier*, 2014 VT 80, ¶ 9 n.*, 197 Vt. 196, 101 A.3d 890 (explaining that without transcript this Court could not review appellant's argument that findings were unsupported by evidence).

¶ 8. ■ Both of the first two issues involve whether the court's findings and conclusions are supported by the evidence. For the first, defendant argues that the court abused its discretion in issuing a permanent injunction barring defendant from entering the real property that was the subject of the prior declaratory judgment action. A permanent injunction may be awarded in response to a continuing trespass because damages are inadequate to address the wrong. *Begin v. Barone*, 124 Vt. 421, 422, 207 A.2d 252, 254 (1965). "Vermont law is clear that even the threat of continuous trespass entitles a party to injunctive relief." *State v. Preseault*, 163 Vt. 38, 43, 652 A.2d 1001, 1004 (1994). We review the trial court's grant of an injunction under an abuse-of-discretion standard, and will not reverse unless the findings are not supported by the evidence and the court's decision lacks any legal grounds to justify the result. *Alberino v. Balch*, 2008 VT 130, ¶ 7, 185 Vt. 589, 969 A.2d 61 (mem.).

¶ 9. Here, the court found that defendant had trespassed on the disputed property after August 19, 2002 "by making use of the

disputed road from time to time." The court further found that there was a substantial probability that defendant would continue to trespass on the property in the future.

¶ 10. On appeal, defendant argues that the court abused its discretion because there was no evidence to demonstrate that defendant has threatened to. trespass after the 2008 incident involving defendant's removal of the tree. Given the court's findings regarding defendant's past trespass and the threat of future trespass, there was no abuse of discretion in granting a permanent injunction. In the absence of a transcript, we cannot go behind the findings and determine what evidence supported them.

¶ 11. Our analysis of the second issue is similar. The relevant statutory section provides:

> A person who, having no right to do so or any reasonable ground to believe that he or she has such right, intentionally does any damage to property of any value not exceeding $250.00 shall be imprisoned for not more than six months or fined not more than $500.00 or both.

13 V.S.A. § 3701(c). The statute creates a civil remedy for violations: "A person who suffers damages as a result of a violation of this section may recover those damages together with reasonable attorney's fees in a civil action under this section." *Id.* § 3701(f). The court concluded after making the needed findings that "Defendant did violate 13 V.S.A. § 3701(c) by intentionally pushing a dead tree to the ground when he had no right to do so and when he had no reasonable ground to believe he had such a right and that the damage resulting did not exceed $250."

¶ 12. Defendant argues that there was no evidence to show that he "intentionally" damaged property, claiming instead that he actually intended to improve the real property. As with the first issue, however, the court's findings are adequate to show that all elements of the statute were satisfied, including the intent element. Without a transcript we cannot evaluate whether there was sufficient evidence to support the court's findings, and we must assume the findings were supported.

¶ 13. This brings us to the central issues, whether the statute allows the award of any attorney's fees where the amount of damages is only nominal and, if so, whether the fee amount is

reasonable in light of the compensatory damages award. Plaintiff's entitlement to fees under the statute is a question of law that we review de novo. *State v. Therrien*, 2011 VT 120, ¶ 9, 191 Vt. 24, 38 A.3d 1129. To ascertain the meaning of the statute, we look to the plain language used as the primary indication of the Legislature's intent. *Id.* "If the plain language is clear and unambiguous, we enforce the statute according to its terms." *Id.* (quotation omitted).

¶ 14. ■ ■ Here, the plain language indicates that attorney's fees may be awarded even where actual damages are minimal. The statute prohibits causing "*any* damage to property of *any* value," 13 V.S.A. § 3701(c) (emphasis added), and allows recovery of attorney's fees for a "person who suffers damages as a result of a violation." *Id.* § 3701(f). The statute contains no requirement that the actual damages reach a threshold minimum to trigger the award of attorney's fees. As long as there is credible evidence that defendant's actions caused some damage, it is not necessary to demonstrate an exact value of the damage done. *Id.* Our past cases construing use of the word "any" have concluded that it indicates an intent not to include a restriction. See *State v. Squiers*, 2006 VT 26, ¶ 9, 179 Vt. 388, 896 A.2d 80 (concluding that words "any part or member thereof" indicated that Legislature did not intend to limit to particular body parts); *In re Verizon New England Inc.*, 173 Vt. 327, 334, 795 A.2d 1196, 1202 (2002) (explaining that general grant of authority to board for "operating and conducting any business" contained no restriction on scope of board's authority over utility); *Nichols v. Agency of Envtl. Conservation*, 160 Vt. 620, 621, 627 A.2d 858, 858-59 (1993) (mem.) (concluding that rule allowing court to appoint master to convey land or "perform any other specific act" did not limit use to conveyances of land). If the Legislature had intended to limit recovery of fees for violations to cases where a minimal amount of damage was caused, it could have stated so specifically. No such limitation is included.

¶ 15. ■ ■ Further, that attorney's fees may be awarded based on even a small amount of damages is reinforced by the entire statutory scheme. The statutory violations and resulting criminal punishments are broken down according to the amount of damage

caused.[4] See 13 V.S.A. § 3701(a)-(c) (listing three types of unlawful mischief violations depending on amount of damage caused, including damage exceeding $1000, exceeding $250, and under $250). The availability of the civil remedy, including collection of attorney's fees under § 3701(f), does not, however, depend on the amount of damage inflicted. It is available where a person "suffers damages." This indicates that the Legislature intended to make attorney's fees available even when the amount of actual damages was minimal.

¶ 16. This conclusion is particularly apparent from the third category — claims for damages under $250. This category can exist only where there is cost shifting. For example, the superior court filing fee, at $250, is equal to or greater than the most that can be claimed in this category. See 32 V.S.A. § 1431(b)(1). Virtually any recovery in this category is nominal in relation to litigation costs.

¶ 17. ■■ ■■ Finally, we note the purpose of nominal damages in this and similar cases. We defined that purpose in *Clark v. Aqua Terra Corp.*, 133 Vt. 54, 58, 329 A.2d 666, 668 (1974):

> Particularly in matters involving rights relating to real property, invasion of those rights, when established, requires some recognition, even if only by way of nominal damages. . . . [S]uits involving such rights cannot fail as *de minimis*, since the invasion of those rights, if repeated, may operate in derogation of them.

*Clark* based this holding on the explanation of the need for nominal damages in *Bragg v. Laraway*, 65 Vt. 673, 27 A. 492 (1893), which noted the application of the "maxim that there is no wrong without a remedy, under which, when it is material to the establishment or the preservation of the right itself that its invasion should not pass with impunity." *Id.* at 683, 27 A. at 495. Thus, an action for trespass "is maintainable for an entry upon the land of another, although there is no real damage, because repeated acts of the kind might be used as evidence of title, and thereby the right of the plaintiff might be injured." *Id.*; see *John*

---

[4] We have construed the reference in § 3701(c) to "value" as applying to "the amount of damage inflicted, so that an offender will be subject to punishment proportionate with the quantum of damage inflicted as opposed to the value of the property damaged." *State v. Breznick*, 134 Vt. 261, 266, 356 A.2d 540, 543 (1976).

*Larkin, Inc. v. Marceau*, 2008 VT 61, ¶ 9, 184 Vt. 207, 959 A.2d 551 ("Plaintiffs showing a direct and tangible invasion of their property may obtain injunctive relief and at least nominal damages without proof of any other injury."). In this context, it is not surprising that the Legislature would shift the burden of attorney's fees from the recovering plaintiff to the losing defendant, irrespective of the amount the plaintiff recovers.

¶ 18. The trial court found in this case that "Defendant's conduct did clearly cause damage to Plaintiff in some amount." It held that even though plaintiff did not establish the amount of the damage, he should recover some amount and awarded nominal damages. We would undermine the Legislature's purpose in establishing civil liability for damage to property from unlawful mischief, even where the damage is small, if we did not authorize fee shifting in all unlawful mischief cases.

¶ 19. Avoiding the unique nature and drafting of the statute, defendant analogizes this to other attorney's fees statutes and claims that decisions under those statutes support his position. According to defendant, where a plaintiff obtains a nominal damage award, attorney's fees may be awarded under a fee-shifting statute only if the plaintiff has also accomplished some larger public purpose or prevailed on a significant legal issue. In support, defendant cites *Anderson v. Johnson*, 2011 VT 17, 189 Vt. 603, 19 A.3d 86 (mem.), a case involving an award of attorney's fees under the Consumer Fraud Act (CFA). The CFA allows a consumer who "sustains damages or injury as a result of any false or fraudulent representations or practices" to sue for, among other things, damages and attorney's fees. 9 V.S.A. § 2461(b). In *Anderson*, the jury found that the defendant had violated the CFA, but that the plaintiffs had suffered no damages. Nonetheless, the trial court awarded attorney's fees. On appeal, this Court explained that the purpose of the CFA was to encourage prosecution of consumer fraud and thus the award of attorney's fees did not need to be proportionate to the actual damages. 2011 VT 17, ¶ 7. Further, we explained:

> [E]ven where *no* damages or other relief is awarded, or merely nominal damages are awarded, the purpose of a statutory fee-shifting provision may be served where the plaintiff has prevailed on a significant legal issue or accomplished some broader "public purpose" underlying

the legislation by exposing, for example, "lawless conduct" or deterring future misconduct.

*Id.* ¶ 11. We held, however, that because the plaintiffs' suit had "vindicated no significant legal rights, and advanced no broader public goals," the plaintiffs were not entitled to attorney's fees. *Id.* ¶ 12.

¶ 20. According to defendant, plaintiff's success in this case did not vindicate any significant legal right or accomplish a larger public goal, and therefore there was no basis to award attorney's fees. Defendant's argument is not supported by *Anderson* or the language of the statute. *Anderson* is distinguishable on the facts because in that case, although the jury found that the defendant had violated the CFA, it found no damage resulted. The resulting discussion about requiring some showing that the plaintiff had vindicated a larger public goal is based on a situation where there are no damages.

¶ 21. Here, the court found that damage resulted from defendant's conduct. While the trial court was unable to determine an exact amount of that damage and thus awarded only $1, the court was clear that defendant's actions caused plaintiff damage.

¶ 22. Defendant's fourth claim is that, even if an award of fees is permissible under the statute, the court abused its discretion in awarding plaintiff attorney's fees of $22,406 where the actual damages were only $1. According to defendant, this amounts to a windfall for plaintiff.

¶ 23. ▪▪▪ When attorney's fees are awarded pursuant to a statute, the amount of the fee award, which depends on the facts of the case, is within the court's discretion. *Kwon v. Eaton*, 2010 VT 73, ¶ 13, 188 Vt. 623, 8 A.3d 1043 (mem.). To determine the reasonableness of a fee award, a court must begin with the "lodestar figure" and then adjust the amount "depending on the circumstances of the case, including, among other factors, the novelty of the legal issue, the experience of the attorney, and the results obtained in the litigation." *Id.* ¶ 21 (quotation omitted); see *L'Esperance v. Benware*, 2003 VT 43, ¶ 22, 175 Vt. 292, 830 A.2d 675 (defining "lodestar figure" as "the number of hours reasonably expended on the case multiplied by a reasonable hourly rate").

¶ 24. Here, the court found that the total fees of $84,081 represented a lodestar figure. The court explained that the total time expended on the case was reasonable "given the scope of the

litigation and the complexity associated with proving the numbers of trees damaged and other damage on Plaintiff's side of the boundary, as well as the need to establish the date the damage was done and the fact that the damage was done by Defendant." Nonetheless, the court found that a downward departure to 25% of the lodestar amount was reasonable given that the fees related solely to the claim for damages and the result was "poor." The court noted that it could not separate out the fees associated with the request for injunctive relief from those related to damages because the two claims involved a common core of facts.

¶ 25. Although it is somewhat unclear, it appears that defendant essentially agrees that $84,081 represented a reasonable lodestar figure, but argues that a larger reduction was warranted because of the extremely poor result on plaintiff's damages claim, and because the court improperly considered plaintiff's success in obtaining a permanent injunction in awarding fees.

¶ 26. ▮ Defendant has failed to demonstrate that the award was an abuse of discretion. We have explained in the past that it is not whether the attorney's fee award is proportional to the damages, but "whether the fee award is reasonable given the demands of the case." *Kwon*, 2010 VT 73, ¶ 20. The proportionality argument is particularly difficult here since the Legislature has explicitly authorized civil unlawful mischief claims for very small amounts of money where the attorney's fees and costs are almost certain to greatly exceed the amount of damages recovered.

¶ 27. ▮ ▮ In any event, the required reasonableness is present. The court's decision does not support defendant's claim that the court improperly considered plaintiff's success in obtaining a permanent injunction in its analysis of how much to reduce the lodestar amount. The court acknowledged that the fee award was related solely to the damages claim. Further, the court provided an adequate explanation for its decision to reduce the lodestar figure by 75%. As the court explained, plaintiff had a poor outcome on his damages claim, and thus a reduction of fees was appropriate. Defendant claims that the result was so poor that a further reduction was warranted given that plaintiff failed to prove an essential element of his claim for monetary relief — that any damage occurred within the limitations period — for all but the cutting down of a single tree. We reiterate that our review

of the court's decision on the amount of fees is a limited one. "[A]bsent strong evidence of excessiveness," this Court defers to the trial court's judgment as to the amount of fees. *Human Rights Comm'n v. LaBrie, Inc.*, 164 Vt. 237, 252, 668 A.2d 659, 670 (1995). Defendant has failed to demonstrate that a 75% reduction was an abuse of the court's discretion.

*Affirmed.*