*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## <u>ENTRY ORDER</u>

SUPREME COURT DOCKET NO. 2015-333

APRIL TERM, 2016

| | | |
|---|---|---|
| Office of Child Support/Ashley Potwin | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Benjamin Rowe | } | DOCKET NO. 221-3-11 Cndm |

Trial Judge: James R. Crucitti

In the above-entitled cause, the Clerk will enter:

Father appeals from the superior court's denial of his motion to reconsider and reopen an order modifying parent-child contact in this parentage action. We affirm.

On April 21, 2015, father failed to appear for a hearing on mother's motion to modify parent-child contact established in an April 19, 2011 final order. Under the original order, the parties shared legal parental rights and responsibilities (PRR), mother had sole physical PRR, and father had parent-child contact. The court's April 21, 2015 order gave mother sole legal PRR and modified father's parent-child contact.

Shortly after the superior court filed the April 21, 2015 order, father moved to reconsider and reopen the order. The court denied the motion following a July 24, 2015 hearing. In its decision denying the motion, the court noted that father's excuse for not appearing at the April 21, 2015 hearing—that he had moved residences and lost track of the hearing date—was an insufficient reason to reopen the matter where notice of the hearing had been provided three weeks prior to the hearing date. The court stated, however, that it had considered the merits of his motion to reopen in that it was compelled to evaluate whether reopening the matter would result in a modification of the April 21 order. The court noted that the parties were cooperating in establishing a new parent-child-contact schedule, and that mother had been flexible in expanding contact during the summer beyond the contact allowed in the order, but that parent-child contact with father would be reduced when the child began school in the next month. The court was reluctant to change the court-ordered schedule because of the imminent commencement of the school year and the fact that father's new living arrangements were relatively recent.

For his appellate brief, father has submitted a four-page letter addressed to the trial judge in which he makes factual statements that he says he felt too overwhelmed to make at the July 24, 2015 hearing. For the most part, he disputes statements that mother made at the hearing. Essentially, he challenges the sufficiency of the evidence to support the court's discretionary decision. He asks that he be given equal time with the parties' son.

Father's arguments are unavailing, particularly given that he has not ordered a transcript of the hearing below. He offers no basis to overturn the court's discretionary decision. See DeLeonardis v. Page, 2010 VT 52, ¶ 20, 188 Vt. 94 ("The family court has broad discretion in awarding custody."); see also Miller-Jenkins v. Miller-Jenkins, 2010 VT 98, ¶ 11, 189 Vt. 518 (mem.) ("The family court's unique position as trier of fact allows it alone to evaluate the witness' credibility and the weight that evidence should be afforded in making this assessment."). Because father has not ordered a transcript of the proceedings below, he has waived any challenge to the sufficiency of the evidence with respect to the court's decision. Evans v. Cote, 2014 VT 104, ¶ 7, 197 Vt. 523. Without a transcript, this Court cannot evaluate whether the evidence supports the superior court's decision.

Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice