VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.        22-AP-204

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MARCH TERM,   2023

Rein Kolts\* v. James Baker

}       APPEALED FROM:
}       Superior Court, Washington Unit,
}       Civil Division
}       CASE NO. 158-4-20 Wncv
        Trial Judge: Robert A. Mello

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals a civil division order granting judgment as a matter of law to defendant the Department of Corrections (DOC).[1]  We affirm.

Plaintiff is an inmate in the custody of the DOC serving a 25-years-to-life sentence.  In April 2020, plaintiff filed a complaint against the DOC Commissioner under Vermont Rule of Civil Procedure 75 seeking an order compelling the DOC to release him on "compassionate" furlough due to his age, which was seventy-five at the time of filing.  In an amended complaint, he asserted that he was suffering from various medical conditions, that the DOC was not providing him with proper medical care, and that he could obtain better care if released into the community.

In February 2022, plaintiff moved for summary judgment.  The court denied the motion.  The court explained that although the DOC had the power to release inmates on furlough for medical reasons, the decision to do so was within the DOC's discretion and the court lacked authority to require the DOC to release an inmate for this reason.  The court noted, however, that the DOC was required to provide adequate healthcare and the duty was enforceable by the court.  The court concluded that plaintiff had not provided sufficient facts or documents to show he was entitled to summary judgment on such a claim and set the matter for trial.

In July 2022, the court held a hearing on the merits.  Plaintiff appeared and testified but did not present any expert testimony to support his claim that he was receiving inadequate medical care.  At the close of his testimony, the DOC moved for judgment as a matter of law under Vermont Rule of Civil Procedure 52(c).  The court made findings on the record, and in a

---

[1]   Defendant James Baker was the Commissioner of the Vermont Department of Corrections at the time the case was filed.

written order granted the DOC's motion.[2]  The court concluded that it lacked authority to order the DOC to place plaintiff on medical furlough and that plaintiff had not established that the DOC was denying him appropriate care in accordance with prevailing medical standards. Plaintiff filed this appeal.

In a bench trial, Rule 52(c) authorizes the trial court after weighing the evidence to enter judgment if the plaintiff has not established a claim for relief.  Gladstone v. Stuart Cinemas, Inc., 2005 VT 44, ¶ 10, 178 Vt. 104.  On appeal from a decision under Rule 52(c), we review the trial court's findings for clear error and its legal conclusions de novo.  Id.

Plaintiff argues that the DOC is not providing him with adequate medical care, and he should be released to home confinement.  There is no merit to plaintiff's contention that the trial court erred in declining to order his release to obtain medical care.  Pursuant to 28 V.S.A. § 808, the DOC "in its sole discretion" may authorize an inmate's release under a temporary furlough for a defined period for reasons including obtaining medical services.  28 V.S.A. § 808(a)(3). This statutory authority is, however, wholly under the DOC Commissioner's sole discretion and is therefore not reviewable under Rule 75.  See Rheaume v. Pallito, 2011 VT 72, ¶ 11, 190 Vt. 245 (concluding that programming requirements for inmates is matter of DOC discretion and not reviewable under Rule 75); Conway v. Cumming, 161 Vt. 113, 118 (1993) (explaining that § 808 regarding furlough status contains "no limitations on the discretionary authority granted to the Commissioner").

Plaintiff also contends that the trial court erred in finding that plaintiff failed to establish that the DOC's medical care fell below the prevailing medical standard because plaintiff did not provide "expert testimony supporting a finding that he is not currently receiving appropriate medical care in the correctional facility."  Plaintiff asserts that he did not need an expert witness to support his claim that he received inadequate medical care.  Pursuant to statute the DOC must provide plaintiff with health care "in accordance with the prevailing medical standards."  28 V.S.A. § 801(a).  To sustain a claim of medical malpractice, a plaintiff is ordinarily required to provide expert testimony "to establish: (1) the proper standard of medical skill and care; (2) that the defendant's conduct departed from that standard; and (3) that this conduct was the proximate cause of the harm complained of."  Bittner v. Centurion of Vt., LLC, 2021 VT 73, ¶ 24 (quotation omitted).  An exception is made for cases where the violation "is so apparent to be comprehensible to the lay trier of fact."  Id. (quotation omitted).  Plaintiff did not order a transcript of the merits hearing before the trial court.  Without the transcript, this Court cannot evaluate whether plaintiff's claims of inadequate medical care required expert testimony.  See V.R.A.P. 10(b)(1) ("By failing to order a transcript, the appellant waives the right to raise any issue for which a transcript is necessary for informed appellate review."); Evans v. Cote, 2014 VT 104, ¶ 12, 197 Vt. 523 (explaining that without transcript, Supreme Court "must assume the findings were supported").

In his brief, plaintiff contends that since the final order in this case, he has attempted to petition the DOC for medical attention, but the DOC has not effectively treated him.  We do not consider plaintiff's allegations regarding the DOC's actions since the court's final order because

---

[2]  The court's order is confusing in that it indicates that it is entering judgment for defendant, but the order is entitled "Dismissal Order" and also indicates that plaintiff's amended complaint is dismissed.  Because relief under Rule 52(c) results in a judgment for defendant and not a dismissal, the entry of judgment for defendant is affirmed in this case.

the record on appeal is limited to the evidence and testimony presented to the trial court.  See V.R.A.P. 10(a) (defining composition of record on appeal).

Entry of judgment for defendant is affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Harold E. Eaton, Jr., Associate Justice

Karen R. Carroll, Associate Justice