VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      22-AP-308



*Note: In the case title, an asterisk (*) indicates an appellant and a double asterisk (**) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JUNE TERM,   2023

Michael Hubbard & Wendy Hubbard v.   }   APPEALED FROM:
Harold S. Hubbard* et al.                        }
                                                             }
                                                             }   Superior Court, Chittenden Unit,
                                                             }   Civil Division
                                                             }   CASE NO. 744-8-19 Cncv
                                                                 Trial Judge: Samuel Hoar, Jr.

In the above-entitled cause, the Clerk will enter:

Defendant Harold Hubbard appeals the decision of the trial court in this partition action. We affirm.

In 2019, plaintiffs Michael and Wendy Hubbard filed a complaint against Harold, Charles, Jeffrey, Donna, and Kirk Hubbard, seeking partition of real property that the parties inherited from their mother Florence Hubbard in Essex, Vermont.[1]  In December 2020, plaintiffs moved for summary judgment.  They requested partition by assignment, arguing that the property—a single-family home on a 2.8-acre lot—could not be equitably divided, and ordering a sale would be unfair to plaintiffs.  They supported their motion with evidence that could be admissible at trial, including Michael's affidavit, the relevant deeds, Michael's records of expenditures related to the home, and an appraisal of the home's fair market value.

Defendants, who were self-represented, did not file a response.  The court held a status conference in March 2021 at which the parties agreed to waive appointment of commissioners. Defendants claimed that they had not received the motion for summary judgment.  The court directed plaintiffs' counsel to resend the motion and accompanying exhibits, explained the requirements of Vermont Rule of Civil Procedure 56 to defendants, and gave defendants additional time to respond.  Defendants filed a two-page response with some attachments in April 2021.

---

[1]  We refer to the parties by their first names throughout the opinion to avoid confusion. No disrespect is intended.

The court denied plaintiffs' motion for summary judgment, explaining that although defendants had not properly disputed any of the facts alleged by plaintiffs, the motion was insufficient to establish the amounts contributed by the parties toward maintenance and other expenses for the property. The court held that the materials submitted by plaintiffs did establish that plaintiffs were entitled to partition, that partition in kind was not a viable approach, and that the fair market value of the property was $266,000. It set the matter for an evidentiary hearing on the accounting and directed the parties to bring any evidence of investments in the property to the hearing. The hearing took place in May 2021.

In a written order issued in November 2022, the court found that in June 1994, Florence, who then owned the property, conveyed title to herself and Michael as joint tenants with right of survivorship. Florence and Michael subsequently conveyed title to themselves and Wendy, giving Florence an undivided one-half interest and plaintiffs an undivided one-half interest. In August 2017, Florence conveyed a life interest to herself and a remainder interest to her five other children. Florence died intestate in March 2018. At that point, plaintiffs owned a one-half interest in the property and defendants owned the other half. During the pendency of the litigation, Kirk conveyed his interest to Jeffrey, leaving the four remaining defendants as co-owners of the one-half interest.

From 1994 until 2014, Michael paid all costs of ownership for the property. He stopped paying the property taxes in 2014 but continued to make mortgage payments and pay for most improvements and repairs. By the time of Florence's death, Michael had paid off all mortgage debts. In total, he made $276,200.89 in mortgage payments and $64,392.16 in property tax payments.

Michael refinanced the property in 1999 and 2003. Each time, after paying off the prior mortgage obligation, he used the excess funds to improve the property. He also invested $25,000 of his own money into the property. The court found no evidence that Michael made these decisions without Florence's approval. Accordingly, it considered his mortgage payments to be payments toward a shared capital obligation.

Jeffrey and Donna lived with their mother in the home. At their mother's direction, they each paid Michael $300 per month to help with the mortgage and tax obligations. Donna paid a total of $18,000 and Jeffrey paid $32,400. After Michael stopped paying the taxes in 2014, Florence paid them until her death, and Donna paid them afterward. The court found these tax payments likely totaled no more than $32,000. Defendant Harold Hubbard also contributed by making repairs to the roof and the house's gray water line. The value of these improvements totaled $1200. No party presented evidence that Florence made any contributions toward capital expenses other than paying the property taxes.

The court concluded that plaintiffs were entitled to partition and that partition in kind was not feasible. The court found that Michael spent $365,593 in total to maintain and improve the property, while defendants, including Florence, spent $83,600. There was no evidence that any party was ousted from possession, so the court did not apply a rental-value offset to the contributions of either side. The difference between the parties' contributions was $281,993, which exceeded the fair market value of the property and, if divided evenly, would require defendants to pay plaintiffs in addition to assigning plaintiffs the property. However, the court

2

found that the most equitable result was to assign the property to plaintiffs and for plaintiffs to acknowledge the satisfaction of any obligations defendants owed with respect to the property.

Harold and Jeffrey each filed notices of appeal. Jeffrey's appeal was dismissed because he failed to file a brief. Accordingly, our review is limited to the claims made by Harold. Harold contends that: the 1994 conveyance granting Michael a one-half interest was unlawful; Michael spent the refinancing proceeds on personal expenses and not the home; Michael remodeled the home without obtaining permits from the town; the home is worth only $100,000; Michael was abusive to Florence and forged her signature on documents; defendants were at a disadvantage because they could not afford legal counsel; and assignment to plaintiffs was unfair because Florence intended for her other children to live in the home after she died.

We are unable to review these claims on appeal because it does not appear that Harold or the other defendants properly raised them below. See Bull v. Pinkham Eng'g Assocs. Inc., 170 Vt. 450, 459 (2000) ("In order to effectively raise an objection, a party must present the issue with specificity and clarity in a manner that gives the factfinder a fair opportunity to rule on it."). To the extent that defendants' response to plaintiffs' motion for summary judgment can be construed to include some of these factual assertions, defendants did not provide a statement of disputed facts or support their claims with affidavits or other evidence that would be admissible at trial. See V.R.C.P. 56(c)(2) (requiring nonmoving party to file paragraph-by-paragraph response with citations to admissible materials in record showing dispute, and if additional facts are to be considered, to file separate statement of disputed facts and support with citations to record). A party's "failure to controvert facts in a counter statement requires that the moving party's undisputed facts be taken as true." Webb v. Leclair, 2007 VT 65, ¶ 4, 182 Vt. 559 (mem.).

Further, it is unclear whether defendants raised any of these issues at trial because Harold did not order a transcript. Harold was warned that "[b]y failing to order a transcript, the appellant waives the right to raise any issue for which a transcript is necessary for informed appellate review." V.R.A.P. 10(b)(1). Without the transcript, we are unable to review the evidence to determine if it supports the trial court's factual findings. Airi v. Nagra, 2017 VT 42, ¶ 5, 205 Vt. 40. Accordingly, we must "assume[] that the trial court's findings are supported by the evidence." Evans v. Cote, 2014 VT 104, ¶ 7, 197 Vt. 523.

Finally, some of the issues asserted in Harold's brief—such as Michael's alleged mistreatment of his mother or failure to obtain construction permits—appear to fall outside the scope of this partition action. See Begin v. Benoit, 2006 VT 130, ¶ 9, 181 Vt. 553 (mem.) (stating trial court "has authority to consider all relevant circumstances in order to ensure a just outcome [in a] partition action," but "must restrict itself to the contributions made to the real property" (quotations omitted)). They therefore do not provide a basis for reversal.

The trial court applied the proper legal framework in conducting the partition accounting. See Whippie v. O'Connor, 2010 VT 32, ¶ 15, 187 Vt. 523 (setting forth general standards applicable to partition accounting). Its findings, which we must accept as true, support its conclusions that plaintiffs' payments for maintenance and improvements to the home were far greater than those made by defendants, and that partition by assignment to plaintiffs was the

most equitable resolution under the circumstances.  We therefore see no reason to disturb the decision below.[2]

      <u>Affirmed</u>.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice

---

[2]  Because we affirm the trial court's decision, plaintiffs' motion to dismiss Harold's appeal is denied as moot.