Filed 12/03/24

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-04071

| Cadylynn Reason v Department of Corrections |
| --- |

## DECISION ON APPEAL

Appellant Cadylynn Reason filed this Rule 74 appeal from the decision of the Department of Corrections ("DOC") to impose a one-year interrupt following her violation of conditions of furlough. She argues that DOC abused its discretion when it imposed an interrupt greater than 90 days. The court reverses DOC's decision and orders that Ms. Reason be made immediately eligible for return to community supervision.

The record establishes that at 9:55 a.m. on August 29, 2024, Ms. Reason was released on furlough. She was picked up at Chittenden Regional Correctional Facility ("CRCF") in South Burlington, with orders to report directly to Northeast Probation and Parole in Newport. Some four hours later, she arrived, smelling of alcohol; she subsequently admitted consuming alcohol, in violation of one of her conditions of furlough, en route. Further investigation determined that the alcohol had been provided by her driver, who was also a resident of the residence for which she had been approved; as a result, DOC determined that the residence was no longer approved. Ms. Reason was then arrested and returned to CRCF due to violation of multiple conditions of furlough.

En route back to CRCF, Ms. Reason made "verbally aggressive statements" to the officer who was transporting her, including, "You don't know how bad I want to beat your face in." Upon arrival at CRCF, Ms. Reason exited the transport vehicle. Along the way, she had removed one ankle shackle and the belt that secured her front hand cuffs. She stated to the transport officer: "You're lucky. I could have hit you in the face with this" as she motioned to the removed shackle. The record is bereft of any suggestion that in either instance, Ms. Reason took any action that in any way presented a risk or threat of harm to the officer.

DOC proceeded with a furlough violation hearing. The hearing officer found that Ms. Reason had violated multiple conditions of furlough. On the strength of these findings, DOC's case staffing committee concluded that Ms. Reason had committed a "significant violation" of her conditions of

furlough. The committee rested its determination on two factors listed in its Response to Furlough Violations Policy, Directive 430.11: "b. Offender's behavior directly threatens or harms an identifiable person/individual"; and "f. A pattern or history of behavior that continues after the exhaustion of lower-level technical sanctions have failed to gain offender compliance." Apart from these conclusory statements, the committee offered no explanation for its determination. The committee then recommended a one-year interrupt, "as Reasons risk to reoffend can not be adequately controlled in the community." Again, the committee offered no explanation for this conclusory statement.

This appeal is governed by 28 V.S.A. § 724(d). That provision states, in pertinent part:

> It shall be abuse of the Department's discretion to revoke furlough or interrupt furlough status for 90 days or longer for a technical violation, unless:
> (1) The offender's risk to reoffend can no longer be adequately controlled in the community, and no other method to control noncompliance is suitable.

There is no dispute that Ms. Reason's violation was "technical," as it did not involve a new crime. *See* 28 V.S.A. § 722(4). DOC's response was therefore governed by the Policy Directive quoted above—specifically, Section F of that Directive. That section makes clear that DOC may start the furlough revocation process only if it determines that "the supervised individual committed a significant violation."

Here, DOC rested its determination that Ms. Reason had committed a "significant violation" on two of the criteria listed in Section F: "b. The supervised individual's behavior directly threatens or harms an identifiable person/individual"; and "f. There is a pattern or history of behavior that continues after the exhaustion of lower-level technical sanctions have failed to gain the supervised individual's compliance." There is no evidence in the record, however, that Ms. Reason's "verbally aggressive statements" conveyed any threat; indeed, if anything, they conveyed restraint. Equally, there is nothing in the record to support the bald recital of a "pattern or history of behavior," much less the "exhaustion of lower-level technical sanctions" in response to such behavior. Rather, the record reflects that DOC proceeded immediately to revocation after one incident, with no consideration of any other sanctions. While it may be troubling that this incident occurred almost immediately upon release into the community, one incident does not a pattern make.

While under the statute, the court's review is limited to abuse of discretion, this does not mean the court is bound to accept conclusions that are not supported by findings, or findings that are not supported by evidence. *Cf. Evans v.* Cote, 2014 VT 104, ¶ 8, 197 Vt. 523 (in reviewing "grant of injunction under an abuse-of-discretion standard, . . . [Supreme Court] will not reverse unless the findings are not supported by the evidence and the [lower] court's decision lacks any legal grounds to

justify the result"); *Raynes v. Rogers*, 2008 Vt 52, ¶ 9, 183 Vt. 513 (in reviewing grant of RFA for abuse of discretion, court will uphold "findings if supported by the evidence and [] conclusions if supported by the findings"). Here, the court searches in vain for a finding either that Ms. Reason's behavior had "directly threaten[ed] or harm[ed]" anyone, much less evidence to support such a finding. Equally, there is neither finding, nor evidence to support the same, to support the conclusion that Ms. Reason had engaged in a "pattern or history of behavior that continue[d] after the exhaustion of lower-level technical sanctions." In short, the conclusion that she committed a "significant violation" cannot stand.

Absent such a conclusion, DOC's own Policy Directive precluded it from proceeding to revocation. Arguably, it may even have been precluded from imposing the 90-day interrupt that triggers Rule 74 review. That question, however, is moot, as Ms. Reason has now been reincarcerated for more than 90 days. Thus, upon this court's determination that DOC abused its discretion, Ms. Reason must be made immediately eligible for community reintegration furlough.

While the foregoing analysis alone is sufficient to compel reversal of DOC's determination, the court notes that in addition to the two provisions of the DOC Policy Directive discussed above, DOC rested its determination on two parts of 28 V.S.A. § 724: "Reason's risk to reoffend can no longer be adequately controlled in the community, and no other method to control noncompliance is suitable; or (B) The violation or pattern of violations indicate Reason poses a danger to others." This explanation also cannot withstand scrutiny. As to the second factor, there is absolutely no indication that anything Ms. Reason did posed any danger to anyone other, perhaps, than to herself. As to the first, there is no suggestion that the behaviors in which she engaged demonstrated a risk to reoffend that could not be adequately controlled in the community, much less that methods to control noncompliance had even been considered, much less been shown to be unsuitable. In short, DOC's rote recitation of the statutory language is entitled to no deference—indeed no weight at all. Rather, that rationale fails for the same reason as does the "significant violation" conclusion.

**ORDER**

The court reverses DOC's determination that Ms. Reason committed a "significant violation" of her conditions of furlough. Absent such a determination, the one-year interrupt that DOC imposed cannot stand. Equally, the two statutory provisions on which DOC relies do not support its determination. Accordingly, the court vacates the one-year interrupt, and orders that DOC make Ms. Reason immediately eligible for reintegration furlough.

Electronically signed pursuant to V.R.E.F. 9(d): 12/3/2024 4:05 PM

_____

Samuel Hoar, Jr.
Superior Court Judge