Vermont Superior Court
Filed 12/08/25
Orleans Unit



VERMONT SUPERIOR COURT

Orleans Unit
247 Main Street
Newport VT 05855
802-334-3305
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 25-CV-02499

---

**John Rodgers et al v. Town of Glover**

---

## ENTRY REGARDING MOTION

Title:        Motion for Preliminary Injunction (Motion: 1)
Filer:        Michael John Tarrant, II
Filed Date:   June 11, 2025

In this action, plaintiffs John and Brenda Rodgers seek declaratory and injunctive relief to quiet title to a disputed segment of Rodgers Road in the Town of Glover, and to enjoin the Town from interfering with plaintiffs' rights to the disputed segment or otherwise treating the disputed segment as a town highway. Pending before the court is plaintiffs' motion for a preliminary injunction to prohibit the Town from accessing or entering the disputed segment while the case is pending. The motion was heard by the court over two days on October 9 and December 4, 2025. Because plaintiffs have not shown that they will be irreparably harmed in the absence of preliminary injunctive relief, the motion is denied.

### Findings of Fact

The following findings of fact are made based on a preponderance of the evidence introduced at the preliminary injunction hearing.

- Plaintiffs John and Brenda Rodgers live at 582 Rodgers Road (the Rodgers farm) in the Town of Glover.

- Rodgers Road begins as a Class III road at an intersection with Daniels Pond Road (Town Highway 47), travels south to the Rodgers farm, when it changes to a Class IV road and continues in a southwesterly direction. Rodgers Road remains a Class IV road as it crosses the boundary of what the parties have described as Lot 23. After crossing the Lot 23 boundary, the road continues for approximately 1,300 feet and then makes a sharp westerly turn towards Andersonville Road (Town Highway 5) after which the road turns back into a Class III road before terminating at the intersection with Andersonville Road. The dispute in this case concerns the Class IV section from Rodgers farm to the boundary of Lot 23 (the disputed segment).

- The Rodgers family has lived on the Rodgers farmstead since approximately 1838. The residence on the farmstead predates the existence of Rodgers Road.

- John was born on the Rodgers farm and lived there until he was a teenager.

- John's parents sold the Rodgers farm to John's uncle Jim Rodgers in or about 1981.

- Jim was born on Rodgers Farm in 1947, lived there until he was 18 years old, served briefly in the military, and then lived on the farm on and off until buying the property from his brother (John's father) in 1981.

- Jim and his wife Nancy lived on the Rodgers farm from 1981 until selling the property to plaintiffs in 2019.

- Plaintiffs subsequently subdivided the property and conveyed a portion of the property in Lot 23 to their son John Finley Rodgers and his wife Kristen.

- The Rodgers family has never excluded the public from accessing Rodgers Road including the disputed segment. Although the Class IV section is generally not passable during the winter, the public has been able to access the disputed segment by foot or snowmobile.

- The Town does not plow Class IV roads and has not plowed the Class IV section of Rodgers Road.

- The Town generally does not maintain Class IV roads except to maintain culverts and water bars. The Town will do additional work on Class IV roads to keep them passable when time and budgetary constraints allow.

- The Town has not regularly maintained the Class IV section of Rodgers Road but has occasionally done work on the Class IV section, including the disputed segment, between 1960 and present. In the 1960s, the Town performed a substantial project to raise the roadbed and improve drainage on the disputed segment. The Rodgers family has not objected to the Town working on the disputed segment before John's ownership of the Rodgers farm.

- The Rodgers farm is a working farm with an inn on the property. John currently rents some of his land to other farmers, operates a cannabis and hemp operation, and rents rooms in the inn as short-term (Airbnb) rentals.[1]

- Rodgers Road was formally so named for reference purposes, by agreement of Jim Rodgers and the Town, when Vermont adopted the 911 emergency response system.

---

[1] John currently serves as Lieutenant Governor of Vermont and previously served as a state legislator. He testified, and the court agrees, that his public service is not relevant to any of the factual and legal issues before the court.

- There is no evidence that the Town selectboard has passed an ordinance condemning the disputed segment of Rodgers Road or otherwise expressly designated the disputed segment as a town highway. The Town has appropriated funds for general road maintenance, which have been used on Rodgers Road at the discretion of the Town's road foreman. On occasion, as described above, the Town's road maintenance resources have been used on the Class IV section of Rodgers Road including the disputed segment.

- The parties disagree whether the disputed segment of Rodgers Road is a town highway, or whether it is a private travelled way owned by plaintiffs and from which plaintiffs can exclude others including the Town and its road maintenance employees.

- John is concerned that the Town plans to upgrade the Class IV section of Rodgers Road—including the disputed segment—to a Class III section and that the Town will begin plowing the disputed segment during the winter. Such a change, particularly if accompanied by an increase in traffic, would be a significant departure from the historic use of Rodgers Road and would negatively impact plaintiffs' enjoyment of their property, as the disputed segment runs within approximately 20 feet of plaintiffs' residence.

- Although John testified that possible upgrades to Rodgers Road have been discussed at recent selectboard meetings, no evidence was presented that the Town has any imminent plans to upgrade or perform any work on the disputed segment, apart from the occasional maintenance typically afforded Class IV roads, as described above.

- Plaintiffs seek a preliminary injunction prohibiting the Town and its employees from entering or accessing the disputed segment during the pendency of this litigation.

## Conclusions of Law

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Taylor v. Town of Cabot*, 2017 VT 92, ¶ 19, 205 Vt. 586, 596, 178 A.3d 313 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). The movant bears the burden of establishing that the relevant factors call for the imposition of a preliminary injunction. *Id.* Those factors are: "(1) the threat of irreparable harm to the movant; (2) the potential harm to the other parties; (3) the likelihood of success on the merits; and (4) the public interest." *Id.* (citation omitted). Irreparable harm is "the single most important prerequisite for the issuance of a preliminary injunction." *Daileader v. Certain Underwriters at Lloyds London Syndicate 1861*, 96 F.4th 351, 358 (2d Cir. 2024) (quotation omitted). "In the absence of a showing of irreparable harm, a motion for a preliminary injunction should be denied."

*Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999) (quotation omitted).

Plaintiffs have not shown they will be irreparably harmed absent preliminary injunctive relief. Although interference with property rights can constitute irreparable harm, courts typically require a showing that the alleged interference will substantially exclude the property owner from their own property or irreversibly impact the property's value in some fashion before a preliminary injunction will be granted on this basis. *See, e.g.*, *Gordon v. New England Cent. R.R., Inc.*, No. 2:17–CV–00154, 2017 WL 6327105, at *12 (D. Vt. Dec. 8, 2017) (rejecting contention that "unauthorized interference with a real property interest constitutes irreparable harm as a matter of law" (quotations omitted)); *Pion v. Richardson*, 25-CV-3957 (Vt. Super. Ct. Dec. 5, 2025) (finding irreparable harm, in part, based on plaintiff being completely excluded from accessing his property by car or truck).

If plaintiffs ultimately prevail on the merits of their claim to quiet title to the disputed segment, they may well be entitled to permanent injunctive relief. *See, e.g., Evans v. Cote*, 2014 VT 104, ¶ 8, 197 Vt. 523, 528 ("A permanent injunction may be awarded in response to a continuing trespass because damages are inadequate to address the wrong."). But at this stage, the record reflects that the Town has treated the disputed segment of Rodgers Road as a Class IV road for decades, and that the Town has no imminent plans to significantly alter its historic treatment of the disputed segment. Plaintiffs have not shown they will be irreparably harmed by a continuation of the status quo until the case is resolved on the merits.

The motion for a preliminary injunction is accordingly denied because plaintiffs have not established irreparable harm. The court expresses no opinions on the other preliminary injunction factors, including whether plaintiffs are ultimately likely to succeed on the merits of their claim.

### Order

The motion for a preliminary injunction is DENIED.

The parties shall file a proposed pretrial and mediation schedule, or their respective proposals, by December 22, 2025.

Electronically signed on: 12/8/2025 pursuant to V.R.E.F. 9(d)

_____
Benjamin D. Battles
Superior Court Judge